## Dunn v. City of Cadiz.

(Decided October 11, 1910.)

## Appeal from Trigg Circuit Court.

1. Cities—City Ordinances—Action by City for a Concrete Side Walk—Failure of Evidence.—In a proceeding by a city to recover of a citizen thereof the cost of a concrete side-walk in front of her lot alleged to have been put in under a city ordinance and which defendant claims was not put in by lawful authority, Held that appellee's charter provides for the appointment of a city clerk (Ky. St. section 3619), and it is made the duty of the clerk to keep a true, full record of all the proceedings of the city council (Ky. St. section 3627). The Legislature having provided appellee with a clerk and made it his duty to keep a true record of the proceedings of the general council, the city can speak only by its records. As the parol testimony of the clerk was inadmissible, and as the record fails to show that action was taken upon the ordinance authorizing the work to be done, there is no evidence tending to show that the ordinance was legally passed.

2. Same—Writ of Prohibition—Failure to Issue.—The statute authorizing the testing of the validity of a city ordinance by a writ of prohibition was enacted for the convenience of cities and the citizens thereof. A failure to exercise this right will not pre-

.clude a citizen from defending an action on the ground that an ordinance, the validity of which might have been determined in that way, was never legally passed.

DENNY P. SMITH and W. W. HOOK for appellant.

ROBERT CRENSHAW for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Cadiz is a city of the fifth class. Its council has the power to make and repair sidewalks and curbing at the expense of the owners of the land fronting and abutting thereon. On January 15th, 1908, the city of Cadiz instituted this action against appellant, Susie B. Dunn, charging in its petition that its council had passed an ordinance requiring appellant to put a concrete sidewalk in front of her lot; that appellant failed to comply with the ordinance, whereupon the council of the city put down a sidewalk and paid for the same, and asked that it be adjudged a lien on the property for the payment of the work. Appellant's general and special demurrers to the petition were each overruled. She then answered, and among other grounds of defense charged that the contract for the work was illegal, and that the alleged ordinance authorizing the work was never passed. Upon submission of the case the chancellor entered judgment in favor of the city of Cadiz. From that judgment this appeal is prosecuted.

Referring to the ordinance upon which this action is based, G. B. Jefferson, the city clerk, testified as follows: "That ordinance was introduced at an adjourned meeting at Malone Bros.' shop in said city on July 11, 1908; the entire council, including the mavor, being present, and was adopted at a regular meeting of the council at the county court room in said city August 14, 1908, the entire council being present with the exception of the mayor." This evidence was objected to by appellant's counsel. The city clerk afterwards filed what he says is a true copy of the proceedings of the city council at its regular meeting held on August 14th, 1908. The copy of the records filed does not show that the ordinance in question was ever before the council or was passed by it. When we take the above statement of the city clerk, in connection with other statements contained in his two depositions, it is impossible to tell whether he

meant to say that the ordinance was passed on July 11th, 1908, and approved on August 14th, 1908, or was merely introduced on July 11th, 1908, and passed on August 14th, 1908. If it be contended that the records which he filed with his deposition are sufficient to show that the ordinance was passed on July 11th, 1908, then it was passed at an adjourned meeting not held at the regular meeting place. Section 3633 of the Kentucky Statutes, which is a part of the charter of cities of the fifth class, provides that all meetings of the city council shall be held within the limits of the city, at such places as may be designated by ordinance, and shall be public. In discussing a similar question, this court, in Town of Springfield v. People's Deposit Bank, 23 Ky. Law Rep. 519 said:

"The important and sovereign power of levying taxes against the citizens' property, while an essential act of government, must be attended with that circumspection of care and manner that will insure publicity, certainty and legality of the act done. Such loose methods as shown in this case, if tolerated, would practically leave the property of the citizen subject to seizure and appropriation at the will and upon the act of a mere caucus of a town council; that is, at a casual meeting of a majority of its members at any place within the town, and at which their constituents would have no opportunity to be present, and by that potent influence or legitimate representation, have their views and interests directly considered. It was to prevent such evils that the present statutes on this subject were enacted."

Under the rule above announced, the council had no right to pass the ordinance at the meeting of July 11th, 1908.

If, however, it be contended that the ordinance was actually passed on August 14th, 1908, then the records of the city of Cadiz fail to show that fact, and there is no evidence of the passage of the ordinance, except the parol testimony of appellee's clerk. This brings us to a consideration of the question, whether or not a municipality can supply omissions from its records by parol evidence.

Appellee's charter provides for the appointment of a city clerk for a term of two years. (Ky. Stats., sec. 3619.) It is made the duty of the city clerk to keep a true, full record of all the proceedings of the city council. (Ky. Stats., sec. 3627.) The Legislature, having

provided appellee with a clerk and having made it his duty to keep a true record of the proceedings of the general council, we conclude that the city of Cadiz can speak only by its record. Any other rule would be to substitute for the record the uncertain memory of the witnesses. In the early case of City of Covington v. Ludlow, 1 Metcalfe, 295, Chief Justice Simpson, speaking for the court, said:

"The next question to be decided is, can the city prove by extrinsic testimony that the ordinance referred to was voted upon and passed by the board, when the journal is silent upon the subject? We think it cannot. The mischief that would result would be the same, whether the record of the proceedings be amended by the city council itself, or the omissions of the record be supplied by the evidence aliunde. The only difference is, that in one case the proceedings would be ex parte, and in the other an opportunity to cross-examine witnesses and to introduce opposing testimony would be furnished. But in both cases the entries in the journal would be equally uncertain and unreliable, and would fail to afford any evidence that could be depended upon of the actual proceedings of the city council at any of their meetings."

The same doctrine was adhered to in the case of Louisville, St. Louis & Texas R. R. Co. v. Newsome, 13 Ky. Law Rep. 174; Barfield v. Gleason, 111 Ky. 491; Town of Mt. Pleasant v. Eversole, 29 Ky. Law Rep. 830. In the last-mentioned case the court said: "A city council can only speak by its record. When its records are read and signed, it is the only record of the action taken by the council at that time." The foregoing accords with the doctrine prevailing elsewhere. In McQuillin's Municipal Ordinance, section 129, the rule is thus stated: "The general rule that parol evidence is inadmissible to supply omissions, contradict or explain records, applies to proceedings showing corporate action of parishes, school districts and all forms of public or municipal corporations, full and quasi."

As the parol testimony of the clerk was clearly inadmissible, and as the record of August 14th, 1908, fails to show that any action was taken upon the ordinance in question, it follows that there was no evidence tending to show that the ordinance was ever legally passed.

It is insisted, however, that as appellant neglected to apply to the court for a writ of prohibition to test the

validity of the ordinance in question, she is estopped, now that the work has been done, from defending on the ground that the ordinance is invalid. The statute authorizing the testing of the validity of an ordinance by writ of prohibition was enacted for the convenience of cities and the citizens thereof, with a view to the speedy determination of the question. A failure to exercise this right will not preclude a citizen from defending an action on the ground that an ordinance, the validity of which might have been determined in that way, was never legally passed. And even if there were any merit in this contention of counsel, the evidence in this case fails to show any ground for estoppel, for appellant served notice that she would not pay for the work, and notified appellee and its contractors not to do the work.

For the reasons indicated, the judgment is reversed and cause remanded, with directions to dismiss the petition.