## City of Monticello et al. v. Ragan et al.

(Decided March 1, 1935.)

DUNCAN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Wayne circuit court enjoining the appellants from enforcing the provisions of a purported ordinance of the city of Monticello, a city of the fifth class. Appellants demurred to the petition. The demurrer was overruled, and appellants declined to plead further. The judgment followed.

It is alleged in the petition that the ordinance in question was not presented to, read, or adopted by the city council, and that it was never passed at any regular or special meeting of the council. It is further alleged that the record of said city council showing the passage of said ordinance was entered by mistake on the part of the officer whose duty it was to make said record. These allegations are admitted by the demurrer.

It is the duty of the city clerk to keep a true, full record of all of the proceedings of the city council. Ky. Stats. sec 3627. The city can speak only by its record. Dunn v. City of Cadiz, 140 Ky. 217, 130 S. W. 1089; Spalding v. City of Lebanon, 156 Ky. 37, 160 S. W. 751, 49 L. R. A. (N. S.) 387. It cannot, in general, supply material omissions in its record by parol.

On the other hand, it would be an intolerable situation if, as apellants contend, the records of a city were conclusive against a direct attack for fraud or mistake. Ky. Stats. sec. 3760.

There are no disputed facts presented here. The record does not show what record the clerk made, and we are left with the admission that, whatever it was, it was made by mistake. As a consequence, we are not concerned with the weight or quantum of evidence necessary to overcome the presumption of validity attached to an official record, fair on its face, or as to what facts such a record would establish. See Bates v. Monticello, 173 Ky. 244, 190 S. W. 1074. We think that the allegations show that the alleged ordinance is void and of no effect. Their truth is admitted.

The foregoing views render it unnecessary for us to consider the sufficiency of other allegations in the petition.

The judgment is affirmed.