## City of Evarts et al. v. Fuller et al.
(Decided Oct. 25, 1935.)

B. M. LEE for appellants.

A. J. ASHER for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment of the Harlan circuit court, decreeing a perpetual injunction against the city of Evarts et al. from prosecuting the warrants issued from its police court, charging plaintiffs with operating their respective businesses in the city without license or without paying a "privilege tax" therefor.

In April, 1934, the appellees (plaintiffs below), who were all citizens of Evarts, and then engaged in different kinds of business in the city, brought this suit against the city of Evarts, its police judge, city policeman, and councilmen, seeking an injunction against them from disturbing them in the continued operation of their respective businesses, upon the alleged ground

that they were operating same without license therefor and in violation of the city's ordinance requiring all persons so engaged to annually pay a town or privilege license tax for conducting business within the city, and further providing that such tax became annually due on or before January 1st following, and for failure to so procure same, providing a penalty of from $5 to $50.

Further plaintiffs alleged that warrants had been issued against them by the defendant police judge, charging them with violation of the ordinance by engaging in business without license and that they were, upon hearing in the police court, found guilty and fined and held to pay the license tax, without opportunity given them for a fair trial by jury, and that they were further threatening to close their places of business unless the license tax was paid by plaintiffs. Further, plaintiffs alleged that they had paid their license fees for the year 1934, and had receipts showing payment of the tax to the city, but that defendants had refused to recognize their receipts as valid.

Asserting the validity of the licenses held by them and complaining of the police court's adverse ruling against them, plaintiffs sought an injunction against the city's further prosecuting or molesting them upon such grounds.

The fact is uncontradicted that plaintiffs procured their business licenses for the year 1934 required by the ordinance from one Asa Cusick, the city's chief of police, in December, 1933, who, it is contended, was authorized by order of the city council to act as tax collector for the city of this privilege tax. The city's records, however, failed to show such or any authorization of its policeman to collect or receive payment of this tax.

Plaintiffs attempted to show that Cusick, to whom it is undenied that they made payment of the license tax for 1934, was by order or ordinance of the city empowered to collect the tax, introducing in evidence the minutes of the city council showing its appointment of Cusick in August, 1933, as policeman by the following order:

"We, the Board of Town Trustees of Evarts, have agreed to hire Asa Cusick as chief of police of Evarts at the salary of $75 per month, to be paid of fines and taxes."

Pursuant to such appointment, the minutes further show that Cusick executed official bond to the city, providing that he would "truly discharge his *duties as policeman* according to law, * * *" making no reference to or provision for his proper discharge of any other duty, or that of a tax collector for the city.

Plaintiffs attempted to show by the testimony of some of the members of the former 1933 city council that they understood and meant by the terms of their order of August, 1933, that a part of Cusick's duties was to be that of collector of the city's license tax, out of which he was to pay his own salary, but we are convinced that the language of the ordinance relied on for showing tax collecting authority in Policeman Cusick is not reasonably susceptible of any such interpretation or construction and is altogether insufficient to satisfy the well-settled rule that the city can speak as to its acts only by its records and not by evidence aliunde, the city's records being the only competent evidence on that issue, and "it is the duty of the city clerk to keep a true, full record of all of the proceedings of the city council." City of Monticello et al. v. Ragan et al., 258 Ky. 223, 79 S. W. (2d) 720, 721; Dunn v. City of Cadiz, 140 Ky. 217, 130 S. W. 1089.

However, it is further contended that the city was in arrears of payment of salary to Cusick and remained so even after instructing him to pay himself out of taxes collected by him and that he collected and so applied the taxes collected by him of plaintiffs. However, unless some intervening equity has arisen in behalf of the plaintiffs, which is not shown by the proof or here presented, it must result that plaintiffs having paid their license taxes for the year 1934 to a police officer not empowered to act as tax collector, they cannot rely upon his receipts given therefor as showing a lawful or valid procurement of licenses by them, from which it follows (since they admit that such is the only license tax paid by them for the year 1934) that they have failed to procure a business license, as required by the city's ordinance, for engaging in their respective businesses in Evarts for 1934, and by reason of their failure, they are shown by the evidence to have operated in the city during such year without license and in violation of the statute.

For such reason we conclude that the court's ad-

judging that defendants be enjoined from prosecuting plaintiffs for a violation of this ordinance was erroneous and should be reversed.

Judgment reversed.