FARNSLEY, Mayor et al. v. HENDERSON.

Court of Appeals of Kentucky.

Feb. 23, 1951.

As Modified on Denial of Rehearing June 19, 1951.

Gilbert Burnett, James E. Thornberry, Louisville, for appellants.

W. A. Armstrong, D. E. Armstrong, Louisville, for appellee.

STEWART, Justice.

This action for a declaration of rights under Sections 639a–1 et seq. of the Civil Code of Practice was brought by appellee, Harvey E. Henderson, a taxpayer, for the purpose of determining whether a certain ordinance of the City of Louisville was legally enacted. Designated as Ordinance No. 75, Series 1950, and hereinafter referred to as "the ordinance," it was an amendment to the existing employee classification and compensation ordinance of the City, and had the effect of raising the salaries of some thirty-three job classifications. The ordinance was introduced at the regular meeting of the Board of Aldermen of the City of Louisville held on February 14, 1950. At the regular meeting of said Board on May 9, 1950, the ordinance was passed. It was approved by the Mayor on May 10, 1950. The ordinance as introduced on the date first above mentioned embraced the following positions: Statistician, Traffic Counter, Comptroller and Inspector, Assessor, and Civil Engineer. When passed, these five officers had been eliminated from the ordinance. The ordinance was by its terms, however, retroactive to January 1, 1950.

Appellee in his petition challenged the validity of the ordinance on two grounds: (1) That the ordinance is invalid for failure to comply with the provisions of KRS 83.090; and (2) that the ordinance is violative of Sections 235 and 246, as amended in 1949, of the Constitution. The Chancellor declared the ordinance void under the statutory and under both constitutional provisions. The cause was instituted below against appellants, Charles P. Farnsley, as Mayor, and William D. Meyers, as Director of Finance, of the City of Louisville, and the Chancellor enjoined them from putting into effect the change in the compensation of those included in the ordinance, or from making payments under it. This appeal is from the decision of the Chancellor.

KRS 83.090 requires the following prerequisites to the valid passage of an ordinance by the City of Louisville: (1) That an ordinance shall embrace but one subject; (2) that no ordinance be passed at the meeting at which it is introduced; and (3) that no ordinance be passed at any meeting after its introduction until: (a) It has been read in full, and (b) free discussion has been allowed thereon.

Appellee does not contend that the ordinance embraces more than one subject; nor does he deny that the ordinance was read in full and freely discussed before its final passage. The gist of appellee's complaint, first urged by him, is that, because certain offices were eliminated from the ordinance between its introduction and its passage, such a modification resulted in changing the original instrument into a new ordinance. When the ordinance came up for final enactment, no motion was made to amend it, he says, nor was any attempt made to adopt an amendment to it. Consequently, the elimination of certain offices from the draft between the time it was first introduced and finally passed constituted an entirely new ordinance, which was passed without receiving a second reading as required by KRS 83.090, with the result that it is therefore void.

62 C.J.S., Municipal Corporations, § 417, page 801, provides: "Any material or substantial difference between the ordinance originally introduced and that passed will render the ordinance void if the ordinance in the form in which it was finally passed was not before the municipal governing body for the required time, or was

passed at the meeting at which it was introduced. On the other hand, an ordinance will not be invalidated because, when finally passed, it is not in the exact form in which it was originally introduced, provided the changes are not substantial and material."

■ The amended ordinance cannot be deemed to be a new or different one unless it enlarges or narrows the scope of the original instrument to such an extent that the ordinance as enacted can be said to be misleading in a substantial manner in its final form. The purposes of KRS 83.090 are to prevent hasty and unconsidered action on the part of the Board; to afford time to study the ordinance and make recommendations in respect thereto; and to give notice to the public to enable it to take whatever legal steps it may desire in furtherance of or protest to the enactment of it. The subject of the original draft was the changing of salaries for thirty-eight positions. It cannot be doubted that such could have been done by the enactment of thirty-three separate ordinances, confining the scope of each ordinance to each employee classification mentioned in the original draft. Had this method been adopted and all of the ordinances been referred to various committees for consideration, thirty-three might have been reported back favorably and five unfavorably; and the Board could have adopted thirty-three of such ordinances and could have rejected the other five. We see no objection to arriving at the same result by the more expeditious method which was adopted in this instance.

■ What constitutes a material or substantial change in an ordinance between the date of its first and final enactment is dependent upon the circumstances of each case. If nothing new is added to it, or if what is taken from it does not render it misleading in its fundamental content when passed, such alteration will not be so material or substantial as to characterize the ordinance in its final form a different instrument from that introduced. In the case at bar, we are of the opinion that the elimination of the five employee title classifications from the or-

dinance in question between the time it was originally introduced and finally enacted was not such a modification as to invalidate it.

We shall now consider the constitutional grounds relied upon by appellee as voiding the ordinance. Section 235 of the Constitution provides that the salaries of public officers shall not be changed during the terms for which they were elected. Section 161 of the Constitution states that the compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office. Section 246 of the Constitution, as amended in 1949, reads as follows: "No public officer or employe except the Governor, shall receive as compensation per annum for official services, exclusive of the compensation of legally authorized deputies and assistants which shall be fixed and provided for by law, but inclusive of allowance for living expenses, if any, as may be fixed and provided for by law, any amount in excess of the following sums: Officers whose jurisdiction or duties are coextensive with the Commonwealth, the mayor of any city of the first class, and Judges and Commissioners of the Court of Appeals, Twelve Thousand Dollars ($12,000); Circuit Judges, Eight Thousand Four Hundred Dollars ($8,400); all other public officers, Seven Thousand Two Hundred Dollars ($7,200). Compensation within the limits of this amendment may be authorized by the General Assembly to be paid, but not retroactively, to public officers in office at the time of its adoption, or who are elected at the election at which this amendment is adopted. Nothing in this amendment shall permit any officer to receive, for the year 1949, any compensation in excess of the limit in force prior to the adoption of this amendment."

The above section of the Constitution, now in force in its amended form, was voted by the people at the November general election of 1949. The last portion of Section 246, as amended, specifically authorized the General Assembly to enact legislation to enable public officials, in office at the time of its adoption, or who were

elected at the date the amendment was adopted, to be paid compensation, but not retroactively, within the salary limits of the amendment.

The General Assembly at its regular session in 1950, in order to carry out the constitutional provision referred to above, enacted KRS 64.480 through 64.760, so as to enable the salary of any city, county, town or municipal officer, under the conditions imposed by the amendment, to be changed after his election or appointment, or during his term of office. However, such alteration in the salary of any officer just mentioned could not commence, pursuant to the terms of the above legislative enactment, until July 1, 1950.

We are at a loss to understand why the Chancellor considered Section 235 of the Constitution to apply to an ordinance embracing only appointive officers, such as the instrument under consideration here. The Board, in adopting the ordinance, proceeded upon the theory that Section 161 and Section 246, before amended, did not apply to the offices described in the instrument, as all of the officers whose compensation was raised thereby held their positions for an indefinite tenure. Assuming such to be true, the Board also believed the salary raises could be made retroactive to January 1, 1950. We are unable to subscribe to either of these views.

KRS 64.580 provides, as far as pertinent here, as follows: "The legislative body of each city shall fix the compensation of every city officer and employe, except the compensation of members of the city legislative body, and in the case of city officers paid from fees, or partly from fees and partly by salary, shall fix the maximum compensation that the officer may receive. Deputies or assistants of any elective city officer shall be deemed to be city employes for the purposes of this section, but employes of city boards or commissions which are now authorized by law to fix the compensation of their employes, either with or without statutory limits, shall not be deemed to be city employes for the purpose of this section."

KRS 64.700 reads: "Until such time as the public officer or body authorized by KRS 64.480 to 64.760 to fix the compensation or the limits of compensation of a public officer or employe exercises such authority with respect to such officer or employe, the compensation of such officer or employe shall not exceed that fixed under the statutory law in force and effect prior to June 30, 1950, or, in the case of any officer whose compensation was limited only by the Constitution and not by statute, shall not exceed the limit fixed by Section 246 of the Constitution prior to its amendment. Nothing in KRS 64.480 to 64.760 is intended to authorize an increase of the compensation of any officer in office on June 30, 1950, during his term of office, except where KRS 64.480 to 64.760 makes such increase or where the public officer or body having authority under KRS 64.480 to 64.760 to fix the compensation or the limits of compensation takes specific action to make such increase."

█ Accordingly, we conclude that the ordinance is not void for the reason that at the time of its enactment it raised salary limits of the officials embraced in it above the level allowed by Section 246 of the Constitution, before amended, and because it contravened Section 161 of the Constitution. On the contrary, the ordinance was valid on the date of its passage, but it could not become effective until July 1, 1950, pursuant to the statutory provision last above quoted.

█ Appellants strongly insist that the Chancellor erred in allowing parol evidence to be introduced in order to modify, explain or enlarge on what happened at the Board meetings, contending that the records of the Board were conclusive against appellee. The question raised on this point is a novel one in this state, but we believe the Chancellor ruled properly when he allowed both entire ordinances to be introduced, and an explanation to be made that the ordinance which was passed had been changed by the deletion of the five employee classifications from the same or-

dinance that had been introduced. Actually the two instruments filed as exhibits with the case showed on their face the alterations in question. We believe such testimony setting forth the changes made, under the circumstances outlined, was allowable under the rule laid down in City of Monticello v. Ragan, 258 Ky. 223, 79 S.W.2d 720, 721.

Wherefore, the cause is reversed in part and affirmed in part with directions to the Chancellor to enter judgment consistent herewith.