**UNION MUTUAL LIFE INSURANCE COMPANY**

v.

**Sidney SIMON.**

**Civ. A. No. 23625.**

United States District Court
E. D. Pennsylvania.

June 11, 1958.

Wm. C. Hogg, Jr. (of Clark, Ladner, Fortenbaugh & Young), Philadelphia, for plaintiff.

Alfred L. Luongo (of Blank, Rudenko & Klaus), Philadelphia, for defendant.

KIRKPATRICK, District Judge.

This is an action by the insurer to cancel a policy of health and accident insurance.

Although the word "fraud" does not appear in the complaint, it is alleged that the insured made certain representations in the application and that he knew the representations to be false, or acted in bad faith in making the same. Under the federal system of notice pleading, this sufficiently states a case of fraud or,

what is equivalent, a state of facts under which the plaintiff would be permitted to prove fraud.

██ The defendant moves to dismiss the complaint on the ground that it is not in compliance with Rule 9(b), 28 U.S.C.A., which requires that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". The purpose of this rule is to require more of a plaintiff who charges a defendant with fraud than merely a statement that "the defendant fraudulently induced the plaintiff to enter into a contract" or something of that sort. In the present case the complaint specifically avers, for example, that question 11(a) of the application asked the defendant whether he had "ever had or been under observation for any disease or disorder: Of the brain or nervous system (convulsions, nervous breakdown, insanity, loss of consciousness, spinal disease or paralysis included)", and that the defendant's answer was "No". There are other similar questions. It seems to me that when it is borne in mind that it is the office of interrogatories to elicit complete and exact details, the allegations of this complaint meet the requirements of Rule 9(b) as to particularity.

 The defendant further argues that the complaint does not state that the plaintiff relied on the representations averred to be false. This objection is unsound. The law of Pennsylvania is clear that in the absence of proof to the contrary it will be presumed that the plaintiff did in fact rely on the false representations. New York Life Insurance Company v. Brandwene, 316 Pa. 218, 172 A. 669. Moreover, it should be pointed out that the requirement of Rule 9(b) that fraud be pleaded with particularity does not mean that a textbook pleading of all of the elements of fraud are required but requires that the complaint set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him.

It must be remembered that the Court at this time is not deciding whether or not the plaintiff has sufficiently proved its case, in which event undoubtedly all of the elements to make a cause of action would have to be proved. That question will arise at the trial. The Court is now merely determining the sufficiency of a pleading.

The motions are denied.