McNULTY, Judge.
Appellant sought by mandamus to compel the town officials of Redington Beach to enforce an ordinance allegedly prohibiting the allowing of dogs upon the beaches in the town. She appeals an order denying issuance of the peremptory writ. We affirm.
*140 A copy of the ordinance in question was introduced into evidence and the material portions thereof, including apparent deletions, read as follows:
“It is unlawful and prohibited for any person ... to use or operate upon any beach or shoreline . within the town limits . any . . . fefsyele . . . [e? te bring ©f have e? allow t-hereon asy deg er eat;] . . .
As indicated, the word “bicycle” was marked through with pen and ink and the bracketed phrase relating to dogs and cats was also marked through with pen and ink. A marginal notation reads :
“deletion on second and third readings by order of Council — recorded in minutes 8-6-57. G.B.”
The relative portion of the minutes of “8-6-57” was also introduced in evidence and it provides that:
“. . . Discussion of prohibition of bicycles on the beach brought the decision to eliminate same from Ordinance and Ordinance was accepted on first reading with this correction . . . .” (Italics ours)
So, it appears, the foregoing marginal notation, and the minutes, refer only to the bicycle deletion. No documentary evidence or minute book entry relating to the apparent deletion of the prohibition against dogs or cats was introduced. The principal question in the case, therefore, is whether the ordinance, at the time of its enactment, prohibited the allowance of dogs or cats on the beaches. Stated otherwise, the question herein is whether the apparent deletion relating thereto was validly made prior to enactment of the ordinance, and thus never became a part thereof, or whether it was unofficially made subsequent to enactment, in which case it is an enforceable provision thereof.
Bearing on this issue, and as noted, the minutes of the Town Commission are silent as to when the apparent deletion relating to dogs and cats was made. However, former City Commissioner Schaefer who had served as Councilman in 1957 when the ordinance was enacted was permitted to testify that the aforesaid prohibition of the ordinance relating to dogs and cats had, in fact, been expressly deleted from the ordinance prior to its final passage in September of 1957. It is this testimony of the witness Schaefer which forms the basis of this appeal. Appellant contends that permitting such testimony is contra to the general rule that a city or town speaks only through its records and not through individual officers. The minutes, she says, are the best evidence of what Council did, and a witness cannot speak when the minutes are silent.
We disagree. The cases relied upon by appellant[1] are substantively different factually from that before us. The question in those cases was what was intended to be done by the city officers, not what was in fact done as expressly shown by the minutes. We agree that the testimony of officers as to what was intended is inadmissible as against the minutes un-disputedly reflecting what was done in fact. But here, the minutes are silent as to what was done, if anything, on the relevant deletion; and silence ought not, per se, constitute conclusive proof of the nonexistence of a fact. Certainly, the minutes of a City or Town Commission are no more sacrosanct nor unamenable to completion or correction of patent imperfections by parol than are the records of a court; and it has always been that court records are amenable to extrinsic evidence to make them speak the truth when, as to the truth, they are silent or imperfect.[2]
Our Supreme Court considered a problem similar to ours in Ramsey v. City *141 of Kissimmee.[3] Parol was expressly held admissible in that case to establish an action actually taken by the Town Commission but not reflected in imperfectly kept records. Likewise here. The trial court permitted the witness Schaefer to testify as to tvhat actually occurred when, as to that, the minutes are silent. He was correct.
Having admitted such testimony then, any conflict arising between such testimony and the other circumstances of the case, including the nonexistence of a relevant minute entry, became a matter to be resolved by the trier of fact, the trial judge here. The latter obviously relied on Mr. Schaefer’s testimony, as he had a right to do, and from the four corners of the record we cannot articulate that his determination cannot be sustained. Accordingly, the order appealed from must be, and the same hereby is, affirmed.
LILES, A. C. J., concurs.
PIERCE, J. (Ret.), dissents with opinion.

. I. e., Beck v. Littlefield (Fla.1953), 68 So.2d 889; North Beach Yellow Cab Co. v. Village of Bal Harbour (Fla.App.1961), 135 So.2d 4; and City of Evarts v. Fuller, 261 Ky. 47, 86 S.W.2d 1058.

. Cf., Kent v. Knowles (1931), 101 Fla.1375, 133 So. 315. See, also, 13 Fla.Jur., Evidence, § 405, et seq.

. (1933), 111 Fla. 387, 149 So. 553.