PIERCE, J. (Ret.)
(dissenting) :
Relator Mary Cordrey seeks review of an order dismissing alternative writ of mandamus to enforce Ordinance No. 73 of the Town of Redington Beach, prohibiting dogs on the public beaches of the Town.
On October 12, 1971, Mrs. Cordrey filed a petition for writ of mandamus against the Board of Commissioners, Mayor, and Chief of Police of the Town, praying for an order enforcing Ordinance No. 73 by prohibiting persons from bringing, having or allowing dogs upon the beaches in the Town.
A copy of the ordinance was introduced into evidence, the first paragraph of which reads as follows:
“It is unlawful and prohibited for any person, directly or indirectly to use or operate or to allow another to use or operate, upon, on, or along the gulf beach, or upon any beach or shoreline or waters adjacent thereto, within the town limits, any motor vehicle, feieyele, or other vehicle, or to bring or have or ride or allow thereon any horse or rideable animal, [of 4e bring en hwe er ©Hew thepeee any éeg ep eat;] Unless application in writing showing reasonable necessity therefor shall first have been made to the Board of Commissioners and a special written license is obtained from the town; all subject to the following exceptions: . . . ”
The word “bicycle” was marked through with pen and ink, and the phrase “or to bring or have or allow thereon any dog or cat” was also marked through with pen and ink, and enclosed in brackets. A marginal notation reads: “deletion on second & third readings by order of Council— recorded in minutes — 8-6-57. G.B.”
Some twelve years later a firm employed to codify the city’s ordinances prepared a draft in which the ordinance carried the prohibition against dogs and cats on the beaches. At a meeting of the Council on October 7, 1969, a resolution was adopted to post signs on the beaches stating: “Dogs not allowed on beach, Order Police Department.” A copy of the minutes of this meeting was introduced into evidence.
During the hearing the lower Court permitted the witness Schaefer, who had been a City Councilman in 1957, to testify as to the discussion at the 1957 Council meetings regarding the deletion of the phrase prohibiting dogs and cats on the beaches.
It is well settled that when a city ordinance appears on its face to have been regularly enacted, all presumptions will be indulged in favor of its validity; and that the one attacking its validity has the burden of establishing its invalidity. State v. City of Jacksonville, 1931, 101 Fla. 1241, *142 133 So. 114; Moon v. Smith, 1939, 138 Fla. 410, 189 So. 835; Gustafson v. City of Ocala, Fla.1951, 53 So.2d 658; Sandstrom v. City of Fort Lauderdale, Fla.App.1961, 133 So.2d 755. The presumption is not conclusive, however, and may be overcome. Gustafson, supra. See Nelson v. State, Fla.1955, 83 So.2d 696.
To establish, the invalidity of the ordinance, Mrs. Cordrey introduced copies of the minutes of the Council meetings held on July 23, August 6, and September 10, 1957. At the meeting on July 23, 1957, the matter of a trespass ordinance was discussed and agreed upon. On August 6, 1957, the ordinance was submitted for first reading, as reflected by the minutes:
“Proposed Ordinance # 73 — Trespass and other clauses — was presented for first reading. Discussion of prohibition of bicycles on the beach brought the decision to eliminate same from Ordinance and Ordinance was accepted on first reading with this correction by motion of Comm. Gibbs, seconded by Comm. Sargent and Roll Call vote indicating unanimous acceptance.”
On September 10, 1957, the minutes reflect the following:
“PROPOSED ORDINANCE # 73 presented for 2nd reading by Commissioner Sargent — with his motion for presentation by caption only. Roll Call Vote indicated unanimous “Yea” and 3rd reading presented in like manner indicated roll call vote of all “Yeas”. Ordinance # 73 — Trespass Ordinance — -will be posted for 20 days on bulletin boards of the Town and then become law.”
Nowhere in the minutes was there any reference to the deletion of the phrase regarding dogs on the beach, or that there was a vote taken on such deletion. The marginal notation on the ordinance referred to a deletion made by order of Council recorded in the minutes of August 6, 1957, which the minutes show related to the deletion of the word “bicycle”. The minutes of the meeting held on September 10, 1957, did not indicate that there was a discussion. In fact, the reading of the ordinance was dispensed with and the ordinance was passed on second and third readings by caption only.
Gladys Bartholomae, the Town Clerk from January, 1957 to 1964, went through all of the official copies of the ordinances passed during the time she was Town Clerk, and testified that she found no deletions made by her which were enclosed in brackets. Also, the codifiers failed to include the deletion relating to dogs on the beach, which would indicate that the. deletion was not on the ordinance in 1969 or that the copy machine failed to pick it up, although it picked up the deletion of the word “bicycle”. As pointed out above, in 1969 the Town adopted a resolution to post signs on the beaches prohibiting dogs thereon.
The lower Court erred in permitting the witness Schaefer to testify as to the discussions at the Council meetings regarding the deletion of the phrase relating to dogs on the beaches. The minutes of the Council meetings are the best evidence of what the Council did. North Beach Yellow Cab Co. v. Village of Bal Harbour, Fla.App.1961, 135 So.2d 4. A city or town speaks only through its records, not through opinions of individual officers. Beck v. Littlefield, Fla.1953, 68 So.2d 889; City of Evarts v. Fuller, 261 Ky. 47, 86 S.W.2d 1058; 1 Yokley, Municipal Corporations, § 81.
Appellees rely on the case of Ramsey v. City of Kissimmee, 1933, 111 Fla. 387, 149 So. 553, for the proposition that actions of the City Commission may be shown by extrinsic evidence if the record is completely *143 silent or imperfectly kept. But that case is not applicable. The Supreme Court there said:
“The rights of creditors or of third persons, dealing with a municipal corporation, cannot be prejudiced by the neglect of the city council or of the city commission to keep proper minutes to show its own proceedings. What the city council, or what the city commission, in fact did, may be shown by evidence aliunde the record kept by them, when the record is completely silent or imperfectly kept . . .
The proper interpretation of the special charter provision, we think, is to hold that it imposes a duty on the city officials when they act, to make a record of what they do, showing proposals accepted and proposals rejected, which record will at all times thereafter be available on behalf of the city to show just exactly what official acts have been done by its officers, for the information of the city’s inhabitants. But as to creditors and third parties, in actions brought by them against the city, the general rules of evidence above cited must be held applicable.” [Emphasis supplied]
In the case sub judice third parties, not the Town, arc relying upon the minutes of the council meetings which the Town was required to keep under its charter and F.S., § 165.20 F.S.A. The rights of third parties were therefore not prejudiced by the Town’s failure to keep proper minutes.
The evidence properly before the lower Court failed to show that the deletion of the phrase relating to dogs and cats on the public beaches was voted upon prior to or at the time the ordinance was passed. The deletion was therefore not properly made in accordance with the requirements of the Town’s charter. See Nelson v. State, supra.
I respectfully dissent.