COMMONWEALTH of Kentucky ex rel. Robert F. STEPHENS, Attorney General, Appellant,

v.

Eugene STEPHENSON, Appellee.

Court of Appeals of Kentucky.

July 7, 1978.

Rehearing Denied Aug. 25, 1978.

Discretionary Review Denied Dec. 19, 1978.

James J. Cunningham, Cincinnati, Ohio, Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellant.

Amos H. Eblen, Eblen, Milner, Rosenbaum & Wilson, Lexington, for appellee.

Before WHITE, HOGGE and HOWERTON, JJ.

WHITE, Judge.

The Commonwealth of Kentucky appeals from a summary judgment in favor of appellee Eugene Stephenson in a suit seeking ouster of appellee from his office as a member of the Boone County Board of Education for violation of KRS 160.180(4). It is alleged that appellee violated the statute by voting at a Board meeting on March 10, 1977, on a motion to employ his sister as a cafeteria worker and by voting on April 19, 1977, on a motion to hire his niece as a teacher. KRS 160.180(4) prohibits a school board member from voting on any matter regarding employment or appointment of certain enumerated relatives (including sister and niece) by the school board. On April 7, 1977, the Board voted to amend the minutes of the March 10 meeting to show that Stephenson did not vote for his sister. On August 1, 1977, the Commonwealth moved for summary judgment on the second cause of action concerning appellee's voting to hire his niece. On August 23, 1977, the Board again amended its minutes to reflect that Stephenson had not voted on this motion. The trial court refused to allow into evidence the Commonwealth's sworn affidavits of witnesses to the March 10 and April 7 meetings, which stated that appellee had in fact voted on motions to employ his relatives. On the basis of the amended minutes, the trial court overruled appellant's motion for summary judgment and granted like motion for appellee. The issue before this court is whether the trial court was clearly erroneous in excluding parol evidence in this instance. We hold the trial court was erroneous.

In Kentucky, the general rule allows only the minutes of municipal corpora-

tions to speak for actions of these bodies. Parol evidence is generally not admissible to refute or explain actions taken at meetings, *City of Monticello v. Ragan*, 258 Ky. 223, 79 S.W.2d 720 (1935), *Lewis v. Board of Education of Johnson County*, Ky., 348 S.W.2d 921 (1961); and minutes can be amended to correct inaccuracies and reflect actual events of meetings, *Janutola & Comadori Const. Co. v. Taulbee*, 229 Ky. 213, 16 S.W.2d 1026 (1929), *Commonwealth v. Combs*, Ky., 426 S.W.2d 461 (1968).

■ Appellant agrees that minutes of the School Board are generally conclusive as to actions taken by that body but argues that parol evidence should be admissible in this instance because the Board amended its minutes not to correct inaccuracies but to reflect actions which in fact did not occur. This subject is touched upon in 56 Am. Jur.2d *Municipal Corporations* § 179 at p. 231:

> After the record has been amended, it is entitled to the same respect as an original record. The only remedy of a person who is injured by such amendment and claims that the original entry was correct is by a direct proceeding to have the minutes as amended annulled, and the original minutes restored. While the amended minutes remain, they cannot be impeached or varied in a collateral proceeding.

In accord is an Alabama case, *Anniston v. Davis*, 98 Ala. 629, 13 So. 331 (1893), where Davis sought a writ of mandamus to compel the city council of Anniston to reinstate him as councilman. The record revealed Davis was elected by unanimous vote but the minutes were later amended showing a vote of less than a majority for Davis. The Alabama Supreme Court held that the minutes as they stood were a complete answer for a writ of mandamus and that Davis' remedy lay in a direct proceeding to have the city council amended minutes set aside and the original minutes restored.

The fact situation before this court differs considerably from that of *Anniston v. Davis*, *supra*, where an individual's rights were concerned. Here we have an alleged violation of KRS 160.180(4) which is designed to protect the public at large. Enforcement of this provision is only allowed through ouster proceedings initiated by the Attorney General's office. KRS 415.050 and KRS 415.060. To allow a school board to circumvent KRS 160.180(4) by amending its minutes and then not allow such amendments to be attacked under the guise of sanctity of such records appears inordinately unjust to this court. In such instances where fraud or mistake is alleged parol evidence should be considered by the trial court. "[I]t would be an intolerable situation if, as appellants contend, the records of a city were conclusive against a direct attack for fraud or mistake." *City of Monticello v. Ragan, supra*, 79 S.W.2d at 721. "Furthermore, extrinsic evidence has been allowed to disprove the authenticity of a public record." E. McQuillan, *The Law of Municipal Corporations* § 14.07 at p. 19 (3rd ed. 1969).

Appellee contends that attack of the minutes should not be allowed because it constitutes a separate and distinct cause of action. Furthermore, amendment of corporate minutes must be sought through a direct action. Thus, appellee contends the summary judgment should be upheld and no evidence considered concerning amendment of the minutes. Appellee also points out that, even if an action for amendment of the minutes could properly be consolidated with this action, the appellant failed to move to amend the pleadings at the trial level and cannot seek to do so on appeal.

The fact situation of this case appears to be a novel one for this jurisdiction. Since Kentucky has modeled its rules on the federal rules, assistance is sought in commentary on these rules and federal cases interpreting the same. Moore, in *Federal Practice* 2nd Ed. Vol. 3 § 15.08[2] pp. 877–878, states: "Many jurisdictions for instance have followed the rule that an amendment may not 'substantially change' the cause of action or defense, or introduce a different claim or defense. This limitation has not been observed under Rule 15." Thus, modern practice allows liberal amendment of

pleadings to change the theory on which the case is tried.

Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced and the trial of the issues will not be unduly delayed. Moore, *supra*, pp. 874–875.

Federal courts have repeatedly allowed amendments to facilitate the disposition of a case on its merits. *Oil, Chemical & Atomic Workers International Union, AFL–CIO v. Delta Refining Co.*, 277 F.2d 694, 698 (6th Cir. 1960); *American Universal Ins. Co. v. Sterling*, 203 F.2d 159, 165 (3rd Cir. 1952).

Two federal cases are of particular import in reaching a decision here. Though the two cases have fact patterns quite distinct from the case before us, the discussion of Rule 15 in each is useful and applicable. *Saylor v. Lindsley*, 302 F.Supp. 1174 (1969), was a stockholder's derivative action wherein a motion for summary judgment was granted defendants. On appeal the case was reversed and remanded. On remand a question of the correct statute of limitations and its possible tolling due to fraudulent concealment was raised. The court noted the pleadings were too unclear to allow a ruling on this allegation and granted plaintiff leave to amend if so desired. The Court noted:

Accordingly, cognizant of the mandate of Rule 15(a), F.R.Civ.P. that leave to amend 'shall be freely given when justice so requires,' we grant plaintiff leave to amend his complaint 'as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see, whether by the exercise the discovery might not have been before made.' *Id.*, p. 1184.

In the case before us, appellant did not discover the minutes had been amended to reflect a change in appellee's vote until after motion for summary judgment had been made. Indeed, there was no possible way to discover this and allege mistake or fraud because the amendment of minutes occurred after the motion was made. Appellant attempted to introduce affidavits to show mistake or fraud. Clearly the trial court should have allowed such affidavits and considered the pleadings as amended to reflect this change.

The other noteworthy case is *U. S. v. Springer*, 491 F.2d 239 (9th Cir. 1974). *Springer* concerned the review of an ejectment proceeding by the Dept. of Interior on ten mining claims. After the final decision of the Interior Board of Land Appeals, the district court allowed the United States to file a supplemental complaint concerning the validity of unpatented mining claims. The appellate court upheld:

. . . the filing of a supplemental complaint and also the whole procedure of holding the principal action in abeyance pending an administrative determination of the validity of the mining claims by the Department of Interior.
. . . In the ejectment action as originally commenced, defendant's right to possession depended upon the validity of the mining claims. After final agency action was obtained, a supplemental pleading 'setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented' is plainly authorized by the rules. Rule 15(d), Federal Rules of Civil Procedure. *Id.*, 241–242.

Although the above case dealt specifically with the procedures of determining validity of mining claims, application of procedural rules for reaching an outcome on the merits is apropos to the present case. Appellee Stephenson's right to remain in office depends on whether or not he voted for employment of his niece. The determination of this issue rests on whether the amended minutes of the School Board meeting are correct or were changed due to mistake or fraud. It appears the proper procedure for the trial court to follow on remand is to

allow the Commonwealth to amend its complaint, if it so desires, to have a determination by the trial court on the correct form of the minutes. While this question is being considered, the ouster proceedings should be held in abeyance.

 Appellee argues that if parol evidence is to be admitted to dispute the school board records where fraud or mistake is alleged, no sufficient allegations of fraud or mistake were made in the Commonwealth's complaint as required under CR 9.02. CR 9.02 requires pleading of fraud and mistake with particularity but this rule is also ". . . to be considered in light of the entire spirit of modern pleading which lays emphasis upon short, concise and direct pleading." *Scott v. Farmers State Bank*, Ky., 410 S.W.2d 717, 722 (1967).

> See Clay, CR 9.02, pp. 165–166 wherein is contained a statement from *Union Mutual Life Ins. Co. v. Simon*, D.C.Pa., 22 F.R.D. 186 as follows:
>
> 'Rule requiring that averments of fraud be made with particularity does not require textbook pleading of all elements of fraud but requires merely that plaintiff set forth facts with sufficient particularity to apprise defendant fairly of charges against him.' *Id.*

We feel the Commonwealth's complaint satisfies CR 9.02 under the spirit of modern pleading. Paragraph 5 of Count 1 states that the minutes had been amended to reflect that appellee had not voted on the motion to employ his sister; paragraph 7 states appellee did in fact vote for his sister; and paragraph 8 states that the amendment to the minutes was ". . . an incorrect statement of the actual action taken by Defendant on March 10, 1977, as to said Motion No. 16."

 Appellant further asks this court, upon remand, to direct the trial court to enter summary judgment for the Commonwealth on the issue of the corrected minutes. We decline to do so. There is a sufficient question of fact presented. Appellee has come forth with a sworn affidavit to refute evidence presented by the Commonwealth. Although parts of this affidavit may relate hearsay testimony, affiant also testifies to what he remembers.

The judgment is reversed and remanded for proceedings consistent with this opinion.

All concur.