475 So.2d 244 (1985)
PARAGON GROUP, INC., Appellant,
v.
Patricia HOEKSEMA, et al., Appellees.
No. 84-1870.
District Court of Appeal of Florida, Second District.
June 14, 1985.
As Clarified on Denial of Rehearing September 18, 1985.
*245 Theodore C. Taub of Taub and Williams, Tampa, for appellant.
John R. Lawson, Jr., and Leslie E. Joughin, III, of Lawson, McWhirter, Grandoff & Reeves, Tampa, for appellee Patricia Hoeksema.
SCHEB, Acting Chief Judge.
Appellant, Paragon Group, Inc., contends it was error for the trial judge, who did not hear this case, to make findings and enter a declaratory judgment in favor of appellee, Patricia Hoeksema. We agree.
Hoeksema brought suit against Hillsborough County and its City-County Planning Commission. She contended that ordinance 82-14 did not accurately reflect the county commission's zoning designation of a 77-acre parcel of land. Paragon intervened in the suit. After a nonjury trial the court held that neither the county ordinance nor its zoning map correctly reflected the true action of the county commission. It ordered the county to change its designation on the zoning map to low density residential (LDR) rather than low-medium density residential (LMDR).
To understand the issue presented to the trial court, a discussion of the zoning process is essential. In the course of its activities in 1981, the planning commission proposed certain amendments to the Land Element Text and Map of the Horizon 2000 Plan, a comprehensive land use plan. The planning commission recommended that the 77-acre tract in question and an adjoining 37-acre parcel (collectively referred to as Area #42) be designated as LDR, a category which allows six dwelling units per gross acre. Paragon, owner of the 37-acre tract, appeared before the county commission and requested medium density residential (MDR) zoning which would allow twenty dwelling units per gross acre. At the conclusion of the hearing, the county commission, by a three-two vote, compromised and agreed to rezone the land as LMDR, allowing twelve dwelling units per gross acre. Several months later, the county commission adopted ordinance 82-14 which incorporated the map showing all 114 acres of Area #42 as LMDR.
After Paragon developed its 37-acre parcel, it contracted to purchase the adjoining 77-acre tract. It then petitioned the county to rezone the 77-acre tract as a community unit development, allowing twelve units per acre. Since the map showed the 77-acre tract to be zoned LMDR, allowing 12 units per acre, the planning commission found Paragon's request to be consistent with the Horizon 2000 Plan.
The critical issue before the trial court was whether the county commission had designated the entire 114-acre tract as LMDR as reflected by ordinance 82-14 or whether it merely approved LMDR zoning for Paragon's original 37-acre parcel.
The Honorable James A. Lenfestey presided at the trial. He received in evidence minutes, tapes, and transcripts of county commission meetings. In addition, several witnesses testified. At the conclusion of the trial, Judge Lenfestey took the matter under advisement pending submission of final arguments of counsel by written memoranda. Approximately six weeks later, the Honorable Walter N. Burnside, Jr., another circuit judge of the Thirteenth Judicial Circuit, entered a final judgment. Judge Burnside found that the record of the commission meetings proved that the 77-acre tract was actually designated as LDR by the county commission. He ordered the county to revise its map and ordered the planning commission to reconsider Paragon's rezoning petition in light of the revised map. From this final judgment Paragon's timely appeal ensued.
Paragon argues that Judge Burnside, who had not heard the evidence, erred in making the findings and entering final judgment. Since Judge Lenfestey, who heard the case, made no findings of fact or conclusions of law on the record, we agree.
A successor judge may complete acts left unfinished by a predecessor, but *246 may not weigh the testimony heard before the predecessor judge. Tompkins Land & Housing, Inc. v. White, 431 So.2d 259 (Fla. 2d DCA 1983). A successor judge who does not hear all the evidence may only enter a judgment on retrial or, where the parties stipulate, on the basis of the record of the prior proceedings. Id. See also Kirkham v. Kirkham, 385 So.2d 733 (Fla. 2d DCA 1980) (a successor judge may not rule on a party's motion for rehearing where the original trial judge has been assigned to a different division in the circuit court). Accordingly, we remand to the Honorable Guy W. Spicola, Chief Judge. Judge Spicola should either request Judge Lenfestey to make the necessary findings and adjudication, or if Judge Lenfestey is unavailable or it is inappropriate for him to act, then the chief judge should appoint Judge Burnside or some other judge to conduct a retrial on the matter.[1] Since a retrial may be necessary, we address certain issues of law raised in this appeal.
First, Paragon's argument that Hoeksema did not have standing to maintain this action is without merit. The appropriate test to determine if a property owner has standing to challenge the validity of a zoning ordinance is whether the property owner in question is affected. Renard v. Dade County, 261 So.2d 832 (Fla. 1972). In determining whether a property owner is affected, it is necessary to consider the proximity of the property to the area to be zoned or rezoned, the character of the neighborhood, and the type of change proposed. Id. at 837. Additionally, we note that Chapter 75-390, section 14(1), Laws of Florida (the Little Elms Act), under which this zoning occurred, provides that all zonings and rezonings must be consistent with the adopted comprehensive plan. That act also provides that any affected citizen shall have the right to seek redress for noncompliance with the act. Id., section 17.
Hoeksema owned a single-family home directly across from the 77-acre parcel. The LMDR designation would permit multi-story buildings of 1,362 apartments and condominium units overlooking her residence. Thus, Hoeksema, who challenged the proposed rezoning as inconsistent with the Horizon 2000 Plan, had standing to maintain this action.
Next, Paragon's argument that the trial court was without authority to review extrinsic evidence is without merit. The court received and considered the tapes, transcripts, and minutes of the commission meeting to determine if ordinance 82-14, as enacted, correctly reflected the action of the commission.
Paragon contended that the court could only consider the ordinance and map. Paragon's reliance on authorities to support this proposition is misplaced. The cases that it cited involve interpretation of language contained in an ordinance or statute. See, e.g., City of Tampa v. Thatcher Glass Corp., 445 So.2d 578 (Fla. 1984); Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla. 1973); Dennis v. City of Key West, 381 So.2d 312 (Fla. 3d DCA), pet. for review dismissed, 389 So.2d 1108 (Fla. 1980). In contrast, the trial court's function here was to determine if ordinance 82-14 properly reflected the action taken by the county commission. In Cordrey v. Holter, 283 So.2d 139 (Fla. 2d DCA 1973), this court considered whether an apparent deletion in an ordinance was validly made before enactment of the ordinance. We held that it was proper for the trial court in Cordrey to have considered the minutes of the town commission meeting, as well as supplemental testimony from a city commissioner. The extrinsic evidence was allowed to determine if the deletion had in fact been expressly made prior to final passage of the ordinance by the commission, or whether it was unofficially made subsequent to enactment.
*247 The circumstances of the case at bar present a clear basis on which to allow extrinsic evidence. Here, Hoeksema originally contended that the ordinance and map misstated what was actually done at the commission meeting, i.e., whether the commission in fact assigned an LMDR designation to the 77-acre tract; not what was meant by the LMDR designation. We think the trial judge properly received and considered the tapes, transcripts, and minutes of the commission meeting.
Accordingly, we vacate the final judgment and remand for proceedings as outlined above.
DANAHY and HALL, JJ., concur.
NOTES
[1] We note that it is not the function of the trial court to rezone land, so the court's objective should be to determine whether the action taken by the county commission rezoned the 77-acre tract and, if so, to what zoning category. City of Miami Beach v. Weiss, 217 So.2d 836 (Fla. 1969); City of Punta Gorda v. Morningstar, 110 So.2d 449 (Fla. 2d DCA 1959).