355 So.2d 486 (1978)
CITY OF ST. PETERSBURG, Florida, a Municipal Corporation, and Douglas M. Moore, As Director of Department of License and Inspections of the City of St. Petersburg, a Municipal Corporation, Appellants,
v.
Grover W. AUSTIN and Margaret N. Austin, His Wife, Appellees.
Nos. 77-1056 and 77-1346.
District Court of Appeal of Florida, Second District.
February 24, 1978.
*487 Michael S. Davis, Chief Asst. City Atty., St. Petersburg, for appellants.
Wm. Fletcher Belcher of Belcher & Fleece, and H. Rex Owen of Owen & McCrory, St. Petersburg, for appellees.
RYDER, Judge.
Appellees [Austins] own certain realty in the City of St. Petersburg. On May 5, 1976 the City of St. Petersburg, Florida [City] approved the Austins' site plan for the development of their property by construction of a seven story, 38-unit boarding house. Subsequently, but prior to the Austins obtaining a building permit, council for appellant City purportedly enacted Ordinance No. 172-F on June 17, 1976. This amended the zoning ordinance by substantially reducing the number of units which the Austins could build on their property and thus prevented them from developing it in accordance with their previously approved site plan. The City then refused to issue the building permit. Thereafter, the Austins filed a five-count complaint praying for an alternative writ of mandamus directed to appellant Moore to command him to issue a building permit to the Austins and praying for an injunction, constitutional relief, declaratory judgment and other equitable relief against the City, so as to prevent the City from enforcing the ordinance and to require the City (and Moore) to issue the building permit to the Austins.
Depositions were taken and affidavits filed. Through the deposition of its then clerk of council and also in its memo of law filed below, the City admitted that Ordinance No. 172-F was not read aloud, either by title or in full, on either of the two occasions when it came before the city council. Appellant Moore, in deposition, admitted the sole basis for the City's denial of the Austins' application for a building permit was the purported enactment of Ordinance No. 172-F.
Section 166.041(3)(a), Florida Statutes (Supp. 1976) sets forth the procedures for adoption of ordinances and resolutions by municipalities and provides, in part: "A proposed ordinance ... may be read by title, or in full, on at least 2 separate days and shall, at least 7 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality."
To support the City's contention that this statute is permissive only, the City filed an affidavit of an English professor opining that the word "may" as used in the section quoted above, expresses permissiveness and should not be construed as must or shall.
On June 8, 1977 the trial court entered partial summary final judgment finding that (1) Ordinance No. 172-F was never read aloud at any open council meeting, either in its entirety or by its title; and (2) the sole basis for the denial of the Austins' application for a building permit was the purported passage of the ordinance prior to the Austins' applying for said permit. The court concluded as a matter of law: (1) Section 166.041(3)(a) requires that a proposed ordinance be read aloud at a minimum of two meetings; the word "may" as used in the subsection in conjunction with *488 the words "on at least 2 separate days" makes reading either by title or in full mandatory; the legislative intent is to give the public notice of the ordinance and to make the council itself aware of the ordinance's effect; the word "may" gives the council discretion only as to whether the ordinance should be read by title or in full. (2) Further, that the aforesaid subsection contemplates that the reading of an ordinance will be aloud, and not merely that it will be read silently by the councilmen.
The trial court concluded that Ordinance No. 172-F is fatally defective because of its invalid enactment and insofar as it was the only reason for the City's refusal to issue the building permit to the Austins, the Austins are entitled to the permit. Thereupon, the court entered judgment making the alternative writ of mandamus final and absolute and ordered appellant Moore and the City to issue the building permit to appellees. From this ruling, this appeal ensues.
The trial court was correct and we affirm.
As did the trial court, we reject the opinion of the English professor and find no material issue of fact was created by his affidavit. Statutory interpretation is a matter of law to be determined by the trial court. It is quite obvious that the legislature intended to allow the City the option of reading proposed ordinances either by title or in full, but it is also equally obvious that the legislature mandated that this reading be done on no less than two occasions prior to its passage. We reject the argument of the City that silent reading of proposed ordinances is permitted; on the contrary, the legislature intended such reading to be aloud as to be heard by the public in order that the public might be informed of the measures under consideration by the City. As this was not accomplished, Ordinance No. 172-F is invalid as properly found by trial court and the orders of the learned judge below were properly entered.
Affirmed and remanded.
GRIMES, Acting C.J., and SCHEB, J., concur.