Mr. Frank A. Kreidler City Attorney City of Lake Worth
QUESTION:
May the City Commission of the City of Lake Worth, without a change in the city's present charter, pass an ordinance pursuant to s. 166.041(3)(a), F.S., by reading such ordinance by title only on the first and second readings?
SUMMARY:
The procedures for the adoption of ordinances by the governing body of the City of Lake Worth are controlled by the terms of s.166.041, F.S., and absent an ordinance or charter provision enacted subsequent to July 1, 1973, containing more stringent requirements than are contained therein, the provisions of subsection (3)(a) of s. 166.041 are the minimum, mandatory requirements necessary for the adoption of an ordinance.
The charter of the City of Lake Worth, ch. 25962, 1949, Laws of Florida, as amended, among other things, provides that ordinances of the municipality `shall be read in full at least one time; a second reading in full of any ordinance may be dispensed with and the ordinance read by its title only, by a majority vote of the city commission.' Section 1, ch. 57-1498, Laws of Florida. The Municipal Home Rule Powers Act, part I, ch. 166, F.S., provides that any limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, except for those subject matters enumerated in s. 166.021(4), F.S., `is hereby nullified and repealed.' Section 166.021(4), F.S. The pertinent provisions of s. 1, ch. 57-1498, do not fall within any of the several exceptions specified in s. 166.021(4), that would require a change in a municipal charter to be approved by referendum of the electors as provided in s. 166.031. Rather, these provisions appear to be a limitation upon the power of the governing body of the city to enact ordinances; therefore, such provisions were nullified and repealed by the terms of s.166.021(4), and the legislative or ordinance-making action of the governing body is controlled by the provisions of s. 166.041.
Section 166.041, F.S., establishes a uniform procedure for the adoption of municipal ordinances and resolutions that cannot be lessened or reduced by any municipality in the state. See AGO's 076-197, 075-173, 074-371; cf. City of St. Petersburg v. Austin,355 So.2d 486 (2 D.C.A. Fla., 1978). In pertinent part, subsection (3)(a) of s. 166.041, F.S., provides that `a proposed ordinance may be read by title, or in full, on at least 2 separate days and shall, at least 7 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality.' These are the minimum reading requirements contained in s. 166.041 for the adoption of an ordinance which cannot be lessened or reduced by a municipality. A municipality may specify, by an ordinance or charter amendment adopted subsequent to the enactment of s.166.041, F.S., additional or more stringent requirements for the adoption or enactment of ordinances or prescribe procedures in greater detail than are contained in s. 166.041. See s.166.041(6), F.S. However, in the absence of such subsequent ordinance or charter amendment, the reading requirements contained in s. 166.041(3)(a), F.S., are the minimum, mandatory requirements necessary for the valid adoption of an ordinance by a municipality.
Prepared by: Craig Willis, Assistant Attorney General