Mr. Thomas A. Bustin City Attorney City of Clearwater Post Office Box 4748 Clearwater, Florida 33518
Dear Mr. Bustin:
This is in response to your request for an opinion on substantially the following questions:
 1. IS THE READING REQUIREMENT IMPOSED BY s 166.041(3)(a), F.S., AS AMENDED BY CH. 83-240, LAWS OF FLORIDA, SATISFIED BY READING A PROPOSED MUNICIPAL ORDINANCE BY NUMBER ONLY?
 2. IS A MUNICIPAL LEGISLATIVE BODY AUTHORIZED TO ADOPT A REZONING ORDINANCE AS DESCRIBED BY s 166.041(3)(c)1., F.S., AS AMENDED BY CH. 83-301, LAWS OF FLORIDA, WITHOUT FIRST READING THE ORDINANCE?
QUESTION ONE
As this office has previously stated, s 166.041, F.S., establishes a uniform procedure for the adoption of municipal ordinances and resolutions that cannot be lessened or reduced by any municipality in the state. See, AGO's 81-32, 76-197, 75-173, 74-371. A municipality may specify, by an ordinance or charter amendment adopted subsequent to the enactment of s 166.041, F.S., additional or more stringent requirements for the adoption or enactment of ordinances or prescribe procedures in greater detail than those contained in s 166.041, F.S. See, s 166.041(6), F.S. However, in the absence of such subsequently adopted additional requirements, the reading requirements specified in s 166.041(3)(a), F.S., are the minimum, mandatory requirements necessary for the valid adoption of an ordinance. Attorney General Opinion 81-32.
In 1983, s 166.041(3)(a), F.S., was amended by Ch. 83-240, Laws of Florida, to provide as follows:
 Except as provided in paragraph (c), a proposed ordinance may be read by title, or in full, on at least 2 separate days and shall, at least 10 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. The notice of proposed enactment shall state the date, time, and place of the meeting, the title or titles of proposed ordinances, and the place or places within the municipality where such proposed ordinances may be inspected by the public. Said notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance.
The only substantive change made by Ch. 83-240, is, as is indicated above, the increase in the number of days prior to its adoption that a proposed ordinance must be noticed in a newspaper.
In pertinent part, subsection (3)(a) of s 166.041, F.S., as amended, provides that "a proposed ordinance may be read by title, or in full, on at least 2 separate days . . . ." These are the minimum, mandatory reading requirements contained in s 166.041, F.S., for the adoption of an ordinance which cannot be lessened or reduced by a municipality. This language was construed in City of St. Petersburg v. Austin, 355 So.2d 486 (2 D.C.A.Fla., 1978), in which the court considered whether the word "may" in this section expresses permissiveness or should be construed as "must" or "shall." The particular municipal ordinance in question had not been read aloud, either by title or in full, at any open council meeting. In its opinion the Second District Court of Appeal stated at p. 488 that:
 It is quite obvious that the legislature intended to allow the City the option of reading proposed ordinances either by title or in full, but it is also equally obvious that the legislature mandated that this reading be done on no less than two occasions prior to its passage. We reject the argument of the City that silent reading of proposed ordinances is permitted; on the contrary, the legislature intended such reading to be aloud as to be heard by the public in order that the public might be informed of the measures under consideration by the City. (e.s.)
Cf., State v. Kaufman, 430 So.2d 904 (Fla. 1983), in which the court determined that the Legislature's longstanding practice under the 1968 Constitution of reading bills by caption title or, at most, by short title, rather than by full title fulfills the constitutional requirement of s 7, Art. III, State Const., that bills be read three times by title. The court's holding in the Kaufman case was based on consideration of changes in the wording of s 17, Art. III, 1885 Const., and that of s 7, Art. III, of the 1968 Const., and on the presumptively correct contemporaneous construction of the constitutional requirement by the Legislature that reading the number or short title of a bill satisfies the constitutional requirement. State v. Kaufman, supra, at p. 907. No such longstanding contemporaneous construction by local legislative bodies of the requirements of s 166.041(3)(a), F.S., as amended, has been established or made evident in the instant case. And compare, the emphasized language in the above quotation from City of St. Petersburg v. Austin, supra, with respect to the purpose of reading, either by title or in full, ordinances under consideration by the governing bodies of municipalities which would seem to militate against any such interpretation of s166.041(3)(a), F.S. In deciding State v. Kaufman, supra, the Florida Supreme Court did not address or overturn the holding in City of St. Petersburg v. Austin, supra, which is still viable and controlling law in this state.
Words in a statute should be given the meaning accorded them in common usage unless a different connotation is expressed in or necessarily implied from the context of the statute in which they appear. See, Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Pedersen v. Green, 105 So.2d 1 (Fla. 1958). The word "title" is defined as: "4 a: a descriptive or general heading (as of a chapter in a book) b: the heading which names an act or statute, by which it is distinguished from others, and which at common law forms no part of the act but in case of ambiguity sometimes is referred to as an aid in interpretation . . ." Webster's Third New International Dictionary 2400 (Unabridged ed. 1966); "2.b. A general or descriptive heading . . . . 4.a. The heading that names a legal document or statute." The American Heritage Dictionary 1349 (New college edition 1979). And see, "Title of an act," Black's Law Dictionary 1657 (Rev. fourth ed. 1968): "The heading, or introductory clause, of a statute, wherein is briefly recited its purpose or nature, or the subject to which it relates." The plain and obvious meaning of the word "title" does not seem to contemplate a number as opposed to a descriptive heading.
In sum, it would appear that the reading requirement of s166.041(3)(a), F.S., as amended, which states that "a proposed ordinance may be read by title, or in full, on at least 2 separate days" would not be satisfied by reading a proposed municipal ordinance by number only. And see, Alsop v. Pierce, 19 So.2d 799,806 (Fla. 1944), for the proposition that when the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way.
QUESTION TWO
As discussed herein, the minimum, mandatory reading requirements for the adoption of a proposed municipal ordinance are contained in s 166.041(3)(a), F.S., as amended, which in pertinent part provides that "[e]xcept as provided in paragraph (c), a proposed ordinance may be read by title, or in full, on at least 2 separate days . . . ." (e.s.) Paragraph (c) of s 166.041(3), F.S., provides procedures for the enactment of ordinances initiated by the governing body of a municipality or its designee which rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts.
By its terms s 166.041(3)(a), F.S., clearly excepts ordinances enacted under s 166.041(3)(c)1., F.S., as amended, from the reading requirements specified in s 166.041(3)(a), F.S. Where the legislative intent is clearly manifest by the language used, considered in its ordinary grammatical sense, rules of construction and interpretation are unnecessary and inapplicable. Clark v. Kreidt, 199 So. 333 (Fla. 1940). Therefore, pursuant to the express direction of s 166.041(3)(a), F.S., the enactment of ordinances which rezone specific parcels of private real property or substantially change permitted use categories in zoning districts as set out in s 166.041(3)(c)1., F.S., as amended, are exempt or excepted from the reading requirements established by s166.041(3)(a).
In sum, it is my opinion that the requirements imposed by s166.041(3)(a), F.S., as amended by Ch. 83-240, Laws of Florida, that proposed ordinances be read by title or in full on at least two separate days, would not be satisfied by reading a proposed municipal ordinance by its number only. Further, it is my opinion that s 166.041(3)(a), F.S., as amended, excepts or exempts from the reading requirements imposed therein ordinances enacted under s 166.041(3)(c)1., F.S., as amended by Ch. 83-301, Laws of Florida, which rezone specific parcels of private real property or substantially change permitted use categories in zoning districts.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General