Mr. Joseph H. Weil City Attorney City of Sweetwater 500 S.W. 109th Avenue Sweetwater, Florida 33174
Dear Mr. Weil:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IN THE ABSENCE OF A CHARTER PROVISION OR ORDINANCE PROVIDING OTHERWISE, MAY A MAJORITY OF A QUORUM OF THE CITY COUNCIL ENACT A SPECIAL EXCEPTION TO A MUNICIPAL ZONING ORDINANCE?
Your letter indicates that the City of Sweetwater has no charter provision or ordinance regulating the required number of votes to be cast by the members of the city council to enact municipal ordinances or resolutions.
Section 166.041, F.S., of the Municipal Home Rule Powers Act (Ch.166, F.S.), establishes a uniform procedure for the adoption of municipal ordinances and resolutions. These procedures are generally applicable to all municipalities throughout the state and the requirements set forth in s. 166.041, F.S., cannot be lessened or reduced by any municipality. See, AGO's 81-32, 80-104 and 75-173. Cf., City of St. Petersburg v. Austin, 355 So.2d 486
(2 D.C.A.Fla., 1978). However, a municipality may specify, by ordinance or charter amendment adopted subsequent to the enactment of s. 166.041, F.S., additional requirements for the adoption or enactment of ordinances or prescribe procedures in greater detail than as set forth in this section. Section 166.041(6), F.S. Thus, it was concluded in AGO 74-371 that the City of Miramar was authorized by s. 166.041(6) to adopt by ordinance or charter amendment "additional, more stringent requirements than those established by s. 166.041." And see, AGO 76-197; AGO 84-63 (an ordinance providing for the placement of additional uses permitted by special exception in various zoning districts established by the Riviera Beach Zoning Code would "substantially change permitted use categories in zoning districts" within the purview of s. 166.041[3][c], F.S.; in addition to the notice requirements specified in s. 166.041[3][c], the city is required to comply with any additional notice requirements established by ordinance of the municipality for the enactment of ordinances which apply to the rezoning of specific parcels of real property or which substantially change permitted use categories in zoning districts). In the absence of any such subsequent ordinance or charter amendment, the provisions of s. 166.041, F.S., are the minimum, mandatory requirements necessary for the valid adoption of an ordinance by a municipality. Section 166.041(4), F.S., states that:
 A majority of the members of the governing body shall constitute a quorum. An affirmative vote of a majority of a quorum present is necessary to enact any ordinance or adopt any resolution; except that two-thirds of the membership of the board is required to enact an emergency ordinance. On final passage, the vote of each member of the governing body voting shall be entered on the official record of the meeting. All ordinances or resolutions passed by the governing body shall become effective 10 days after passage or as otherwise provided therein. (e.s.)
See also, s. 166.041(3)(c), F.S., which sets forth the procedure to be followed in enacting ordinances which rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts. Compare, s.163.3184(15), F.S., which provides for the adoption of a comprehensive plan (and amendments thereto pursuant to s.163.3187, F.S.), stating in pertinent part that the procedure for adoption (and amendment) of a comprehensive plan, element or portion thereof shall be by not less than a majority of the total membership of the governing body. See generally, s. 112.3143, F.S., regarding voting conflicts.
In the absence of a charter provision or ordinance enacted subsequent to s. 166.041, F.S., which imposes additional requirements for the adoption or enactment of ordinances other than as set forth in that section, the City Council of Sweetwater may enact ordinances or adopt resolutions only by an affirmative vote of a majority of a quorum present at a meeting.
In sum, it is my opinion that, in the absence of a charter provision or other ordinance imposing additional requirements, a majority of a quorum present of the City Council of the City of Sweetwater is necessary to enact a special exception to a municipal zoning ordinance pursuant to the provisions of s.166.041(4), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General