LEHAN, Judge.
A mother and father appeal the amendment by the trial judge of an order previously entered by another trial judge. We reverse and remand for further proceedings.
The first order (1) adjudged the parents’ oldest child to be dependent but did not specify grounds contained in section 39.-01(9), Florida Statutes (Supp.1984), and (2) reserved ruling as to any dependency adjudication with regard to the other two of the parents’ children. The amendment by the second judge, which was entered without notice or hearing in response to a letter from HRS, (1) found that the adjudication of dependency of the oldest child was on the basis of neglect, and (2) set aside the reservation of ruling by the first judge as to the two youngest children and placed those children under the protective services supervision of HRS. The parents filed a motion to vacate the amendment and, after a hearing which consisted solely of attempts to reconstruct the first judge’s intent without the benefit of a transcript (the tape recorder had malfunctioned at the hearing before the first judge), the motion to vacate was denied.
We recognize the second judge’s goal of simply conforming the order of the first judge to that judge’s intent in apparent recognition that the first judge was the one who had held a hearing and taken evidence. However, it was conceded by HRS that the order of the first judge was pursuant to his oral pronouncement and that no grounds were given by him either in the order or orally. Without a transcript of the hearing there was no way the intent of the first judge could be perceived for the specification of grounds for the adjudication of dependency as to the older child. Nor could there be a perception of that intent justifying an alteration of the first judge’s order by setting aside the reservation of ruling as to the youngest children and entering a ruling in that regard without the benefit of evidence. See Paragon Group, Inc. v. Hoeksema, 475 So.2d 244 (Fla. 2d DCA 1985).
Under the circumstances of this case further proceedings should have provided the second judge with no less basis than that which the first judge had for the entry of any material rulings.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and FRANK, J., concur.