RYDER, Acting Chief Judge.
Regis Corporation, the plaintiff at trial, appeals a final order which ruled that they had not sustained monetary damages and were estopped from seeking injunctive relief based upon a commercial lease’s exclusivity clause. We reverse.
Appellee Fusco is the landlord of the Sunshine Mall in Clearwater. Appellant Regis is a tenant in the mall. The initial 1967 lease for the premises was between both appellant’s and appellee’s predecessors in interest. In 1977, Fusco and Regis entered into a lease extension and addendum which incorporated the terms of the original lease. A clause in the original lease grants the lessee the exclusive right *834 to operate a beauty salon within the mall. In May 1982, another grooming salon, Standing Ovation, entered into a lease with Fusco to rent space in the mall.
In October of 1982, Regis filed a complaint alleging that Fusco breached the terms of the lease which had granted Regis the exclusive right to operate a beauty salon at the mall. Regis sought damages and injunctive relief. In its answer, Fusco denied the material allegations of the complaint and affirmatively alleged that Regis had expanded its business operations beyond the scope of the lease's exclusivity clause, which therefore rendered the clause unenforceable. The court bifurcated the issues of liability and damages for trial purposes.
At the June 1984 trial on the issue of liability, the judge heard evidence on the allegation that Fusco breached the exclusivity clause. Eight witnesses testified and the court received twenty-three exhibits into evidence. Approximately one month later, the judge issued his order on liability which ruled in favor of Regis. He found that: (1) Regis had the exclusive right to operate a beauty salon in the mall; (2) Standing Ovation was engaged in the same business as Regis at the mall; (3) Regis and Standing Ovation were in direct and vigorous competition at the mall; (4) Fusco breached the exclusivity clause contained in the Regis lease; and (5) Regis was entitled to injunctive relief. The judge also expressly rejected Fusco’s contention that Standing Ovation was licensed as a barber shop, and that the “operation of a beauty shop and a barber shop ... have evolved into something altogether different from that contemplated when the exclusivity provision was granted in the original lease....” Regis’ counsel agreed to postpone the entry of injunctive relief against Fusco until the conclusion of the entire case so as to avoid the possibility of having two appeals.
Over one year later, in September of 1985, the successor trial judge conducted a non-jury trial on the damages issue. Three witnesses testified and the court received seven exhibits into evidence. Recognizing that damages could not be proven with exactitude, Regis advanced two alternate theories of calculation of their damages: (1) based on a percentage of Standing Ovation’s income at the mall; and (2) based on a projection of Regis’ business growth at the mall prior to the opening of Standing Ovation, as compared to its actual gross sales after Standing Ovation opened for business. The Divisional Manager and the Treasurer of Regis Corporation testified in support of these theories. Fusco presented a financial economist as an expert witness. The economist opined that any decrease in Regis’ business or profitability was the result of economic factors unrelated to the presence of Standing Ovation in the mall. In the final judgment, the trial court ruled that Regis had not sustained any monetary damages as the result of Fusco’s breach of the exclusivity clause.
Fusco filed a motion for rehearing of the 1984 judgment on liability on the ground that the predecessor judge had erroneously construed the exclusivity clause and found it had been breached. Regis filed a motion to amend the 1985 judgment on damages to provide for entry of injunctive relief against Fusco as had been provided for in the 1984 judgment.
In its order on these motions, the successor judge denied Regis’ motion to amend. Citing Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735 (Fla. 3d DCA 1982), the court stated that because Regis had pursued an adequate and effective remedy of law for damages, they were not entitled to injunc-tive relief. The court then granted Fusco’s motion for rehearing and vacated a portion of the 1984 predecessor judge’s order which found that Fusco had breached the exclusivity clause. The successor judge found that the actual economic competition that existed between Regis and Standing Ovation had been directly brought about by the evolution of each business over a period *835 of time into new and expanded businesses, which offer services substantially different from those originally available in each business. Because neither business is either a beauty salon or barber shop, and because exclusivity clauses must be strictly construed, Fusco did not breach the clause by leasing to Standing Ovation.
We recognize that some of the evidence and testimony presented during the damages trial may have revealed information which the parties presented during the trial on liability. However, at the liability trial a greater number of witnesses testified and the parties presented a greater number of exhibits. Because the successor judge did not hear all of the evidence on liability, he could not vacate that portion of the predecessor judge’s order which found that Fusco had breached the exclusivity clause of the lease. See Paragon Group, Inc. v. Hoeksema, 475 So.2d 244, 246 (Fla. 2d DCA 1985), petition for review denied, 486 So.2d 597 (Fla.1986); Tompkins Land and Housing, Inc. v. White, 431 So.2d 259, 260 (Fla. 2d DCA 1983). See also, Jones v. Florida Department of Health and Rehabilitative Services, 475 So.2d 1019, 1020 (Fla. 2d DCA 1985).
In the order on liability, the predecessor judge ruled that Regis was entitled to an injunction which would prohibit Fusco from entering into any new lease for space in the mall with any business operating a beauty salon in competition with the services being provided by Regis during the remaining term of Regis’ lease. In this case, Regis was seeking monetary damages which flowed from the breach of the exclusivity clause and an injunction to prevent future damages to its business. The successor judge ruled that there was no credible evidence to support Regis’ monetary claims for past loss of profits and Regis did not appeal this ruling. However, Regis is entitled to an injunction preventing Fusco from leasing to another competitor for the remaining term of their lease.
Reversed and remanded with instructions.
CAMPBELL and SCHOONOVER, JJ., concur.