414 So.2d 542 (1982)
CITY OF NEW SMYRNA BEACH, a Municipal Corporation (On the Relation of Edwin A. Baetzman, As Intervenor/Real Property in Interest), Appellant,
v.
Delores A. BARTON, Appellee.
No. 81-437.
District Court of Appeal of Florida, Fifth District.
April 21, 1982.
Rehearing Denied May 26, 1982.
C. Allen Watts of Watts & Biernacki, P.A., DeLand, for appellant.
Thomas D. Wright, New Smyrna Beach, for appellee.
PER CURIAM.
In the City of New Smyrna Beach, a finger-shaped portion of a beachfront R-1 zone protruded into a trapezoidal R-3 zone which also fronted on the beach. The city rezoned the finger from R-1 to R-3, thereby decreasing the minimum lot width for a single-family dwelling within the finger of land from one hundred feet to fifty feet (see diagram).
*543 
The circuit court struck down the rezoning ordinance, holding that it did not further the public health, safety or welfare. The present rule of law in Florida is that a court may not invalidate an ordinance rezoning property unless the enacting body's action was not "fairly debatable;" in other words, the ordinance must be upheld so long as an arguably reasonable basis exists to support the ordinance. Town of Indialantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981). It is said that the purpose of this rule is to prevent a court from substituting its judgment for that of the zoning authority. Broward County v. Capeletti Bros., Inc., 375 So.2d 313 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 755 (Fla. 1980). The city introduced testimony in the circuit court to show that it rezoned the property because it had determined that, since the rezoned area was bounded on one side by the ocean and on two out of the remaining three sides with fifty-foot lots, the land rezoned would be more compatible with its surroundings if it were likewise subject to fifty-foot lot restrictions. The property classification of this land is not so clear that the circuit court, or this court, can say, as a matter of law, that the city's action was not "fairly debatable."
Accordingly, we reverse.
REVERSED.
DAUKSCH, C.J., and COBB, J., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I concur in a reversal, but not application of the "fairly debatable" rule. That rule properly applies to legislative actions such as ordinances enacting comprehensive zoning plans. This rule of judicial non-review is justified under our constitutional scheme of separation of governmental powers only when applied to purely legislative acts. However, governmental action on both rezoning and zoning variances and special exceptions are applications of a legislated rule of law to a particular instance (particular property) and are in substance executive in character, regardless of the form (ordinance, resolution or otherwise) by which that action is taken. When misled because executive action is accomplished by an ordinance (a usual form of legislative action), courts refuse a proper scope of judicial review and thus fail their constitutional duty of protecting citizens from excesses of governmental executive power.
Due process applies to applications for rezoning, the same as to applications for variances and special exceptions. Hearings on proposed executive actions in zoning cases should contain all of the safeguards of due process, see Coral Reef Nurseries, Inc. v. Dade County, 410 So.2d 648, No. 80-1979 *544 (Fla. 3d DCA 1982), and be subject to judicial review for both procedural and substantive due process. As to appeals, this requires judicial review to assure that executive governmental action restricting citizens' property rights be accomplished impartially, with procedural fairness on reasonable and specific standards and guidelines uniformly applied and supported by substantial competent evidence. The "fairly debatable" rule, properly applicable to legislative acts, does not meet due process standards relating to hearings on, and appeals from, executive governmental actions. Executive governmental action in zoning cases, as in other cases, should not be sustained on judicial review merely because such action is fairly debatable. Almost everything can be fairly debated.
Although posed as an attack on the constitutionality of the city's rezoning "ordinance," this action in the circuit court was essentially a judicial review of the city's zoning action, but the issues there were not so presented and do not support the final judgment. That is why I concur in a reversal.

ON MOTION FOR REHEARING
PER CURIAM.
The appellee's motion for rehearing in this cause is granted to the extent that the diagram shown in our original opinion is deleted, and the following diagram is substituted in its place:

The motion for rehearing otherwise is
DENIED.
DAUKSCH, C.J., and COBB and COWART, JJ., concur.