GLICKSTEIN, Judge.
This is an appeal from a final judgment, denying declaratory relief. We reverse and remand. One of the best kept secrets by the parties in this case is the existence of Section 86.071, Florida Statutes (1981), which provides in part:
When an action under this chapter concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending.
Neither called it to the trial court’s attention nor to ours. As a result the trial court erroneously refused to consider any evidence other than the record of zoning proceedings that took place in the appellee city, notwithstanding that this was an action for declaratory judgment, not a petition for writ of certiorari. The trial court was persuaded by appellee’s reliance upon Eastside Properties, Inc. v. Dade County, 358 So.2d 873 (Fla. 3d DCA 1978). That, of course, was a petition for certiorari to review the decision of a zoning application in accordance with the Code of Metropolitan Dade County. The present action for declaratory judgment was the type of proceeding expressly specified by appellee’s code of ordinances for such review.
We are, reluctant to visit upon the trial court what may become a can of worms; particularly when the record before us reflects that the proceedings go back to 1974; and the action was brought in 1977, remained unattended from 1978 through 1980 and was not tried until late 1982. The children whose photographs show them *93 playing football in the street may now be in the NFL.
REVERSED AND REMANDED.
HURLEY, J., and SMITH, CHARLES E., Associate Judge, concur.