528 So.2d 904 (1987)
RINKER MATERIALS CORPORATION, Appellant,
v.
METROPOLITAN DADE COUNTY, Inversiones Armadeni, S.A. and Statewide Land Corporation, Appellees.
No. 86-3135.
District Court of Appeal of Florida, Third District.
December 22, 1987.
John G. Fletcher, South Miami, Brigham, Moore, Gaylord, Schuster & Sachs, Miami, for appellant.
Robert A. Ginsburg, Co. Atty., and Scott D. Fabricius, Asst. Co. Atty., Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadows & Olin and Joel S. Perwin, Miami, for appellees.
Before HENDRY, NESBITT, and FERGUSON, JJ.

On Motion for Rehearing
NESBITT, Judge.
On rehearing, we withdraw the opinion filed November 3, 1987, and replace it with the following opinion.
Rinker Materials Corporation (Rinker) appeals from a final judgment upholding the validity of Dade County Ordinance number 85-49 and from a summary judgment holding that section 2-116.1 of the Metropolitan Dade County Code is not unconstitutionally vague. We affirm in part and reverse in part.
Rinker operates a rock-mining, rockcrushing, and cement mill plant in a relatively isolated portion of west Dade County. *905 Rinker uses blasting in order to quarry. In 1984, Inversiones Armadeni, S.A. (Inversiones) and Statewide Land Development Corporation (Statewide) filed an application with the Dade County Commission requesting an amendment to the Dade County Comprehensive Development Master Plan. The application sought to have 267 acres of land adjacent to Rinker's operations reclassified from open land to low-density residential land. The Dade County Commission conducted public hearings, at which Rinker presented evidence. At the conclusion of the hearings, the commission enacted ordinance number 85-49, approving the application.
In 1985, Rinker filed an original action seeking declaratory and injunctive relief in Dade County Circuit Court. Rinker challenged Dade County Ordinance number 85-49 as an unreasonable and arbitrary exercise of the county's authority and section 2-116.1 of the Metropolitan Dade County Code, which establishes the procedure for amending the Comprehensive Development Master Plan, as unconstitutionally vague.[1] Rinker asserted that granting the amendment, which permitted the re-zoning of the land to low-density residential use, was unreasonable and arbitrary because such a usage was incompatible with the zoning of Rinker's adjacent property, which is used for blasting. Rinker is required to obtain permits to blast, Metropolitan Dade County, Fla.Code § 13-5 (1977), and its right to blast on its property is subject to termination or limitation even after it has obtained a permit, see Metropolitan Dade County, Fla.Code § 13-13(c) (1977). Rinker asserted, therefore, that the county's action, which would inevitably bring complaining residents who would have Rinker's blasting permits revoked or restricted, adversely affected the value of its operations. The trial court granted summary judgment in favor of the county, Inversiones, and Statewide, holding that section 2-116.1 of the Metropolitan Dade County Code is not unconstitutionally vague. The trial court held a trial on Rinker's claim that ordinance number 85-49 represents an unauthorized exercise of the county's power. After determining that it was acting in an appellate capacity, the trial court granted the county's motion to exclude Rinker's witnesses who had not appeared before the Dade County Commission.
In its final judgment the trial court held that Rinker failed to prove that the county's action affected its legally recognizable interests. The court concluded, therefore, that Rinker lacked standing to challenge the ordinance. The court went on, however, to hold that the ordinance was neither arbitrary nor unreasonable but was fairly debatable. Rinker appeals.

I. Posture of the Proceedings
The trial court's ruling that witnesses who had not appeared before the commission could not testify at the trial was erroneous. The trial court's ruling appears to be predicated upon its improper assessment of the posture of the case. The trial court incorrectly treated the case as either an appeal from quasi-judicial action taken by the commission, or a petition for a writ of certiorari from a commission's zoning action. The case before the circuit court was neither. Instead, it was an original action properly mounting a direct attack on an ordinance. As such, Rinker was entitled to present evidence to prove its contention that the ordinance was unreasonable and arbitrary. See Coral Gables Federal Savs. & Loan v. City of Lighthouse Point, 444 So.2d 92 (Fla. 4th DCA 1984); Graham v. Talton, 192 So.2d 324 (Fla. 1st DCA 1966); compare Graham, (writ of certiorari improper method of challenging re-zoning ordinance on the basis that it was unreasonable; proper method is a direct challenge in circuit court) with Albright v. Hensley, 492 So.2d 852, 856 (Fla. 5th DCA 1986) (writ of certiorari proper remedy to challenge county's grant of variance where record in the circuit court limited solely to the record of proceedings before the board) and Eastside Properties, Inc. v. Dade County, 358 So.2d 873 (Fla. 3d DCA 1978) (when reviewing zoning action of the county commission on petition for writ of certiorari the circuit court is to consider only the *906 record of proceedings before the commission).
In enacting the ordinance amending the Dade County Comprehensive Development Master Plan the county commission was performing a legislative function.[2]City of Coral Gables v. Carmichael, 256 So.2d 404, 408 (Fla. 3d DCA), cert. discharged, 268 So.2d 1 (Fla. 1972); see Florida Land Co. v. City of Winter Springs, 427 So.2d 170, 174 (Fla. 1983); Schauer v. City of Miami, 112 So.2d 838, 839 (Fla. 1959); Machado v. Musgrove, 519 So.2d 629, 631 (Fla. 3d DCA 1987); see also Coral Reef Nurseries, Inc., 410 So.2d at 653 n. 10. Rinker was therefore entitled to not only oppose the passage of the ordinance at the county commission hearing but it also had every right to challenge the legality of the ordinance in an original action in circuit court. In an original action Rinker was not limited to presenting only the record developed before the commission but could introduce admissible evidence whether it had been considered by the commissioners or not. See Coral Gables Federal Savings & Loan, 444 So.2d at 92. Consequently, the trial court's ruling, which precluded Rinker from presenting additional evidence to prove that the ordinance was unreasonable, arbitrary, and not fairly debatable, was erroneous.

II. Standing to Challenge the Ordinance
Whether a party has standing to challenge the zoning action or inaction of a county depends on the nature of the challenge the party seeks to bring. See Renard v. Dade County, 261 So.2d 832 (Fla. 1972). A party challenging the validity of a zoning ordinance as an unreasonable or arbitrary exercise of the county's legislative power must show that the zoning action adversely affects its legally recognizable interests. Renard, 261 So.2d at 838; Citizens Growth Management Coalition, Inc. v. City of West Palm Beach, 450 So.2d 204, 206 (Fla. 1984); Exchange Invs., Inc. v. Alachua County, 481 So.2d 1223, 1225 (Fla. 1st DCA 1985); see Albright, 492 So.2d at 855; Carlos Estates, Inc. v. Dade County, 426 So.2d 1167 (Fla. 3d DCA 1983); Jones v. First Virginia Mortgage & Real Estate Inv. Trust, 399 So.2d 1068 (Fla. 2d DCA 1981). Since the subject of the final judgment is Rinker's challenge of the ordinance as being unreasonable, arbitrary, and not fairly debatable, Rinker had to show that its legally recognizable interest had been adversely affected in order to enjoy standing to maintain its challenge.
In considering whether a property owner has standing because its interests have been adversely affected, a court is to consider "the proximity of [its] property to the area to be zoned or rezoned, the character of the neighborhood, ... and the type of change proposed." Renard, 261 So.2d at 837; see Paragon Group, Inc. v. Hoeksema, 475 So.2d 244, 246 (Fla. 2d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986). If Rinker could have demonstrated that the commission's action had adversely affected the value of its property interests, which surely represents a legally recognizable interest, cf. Yarbrough v. Villeneuve, 160 So.2d 747 (Fla. 1st DCA 1964) (although revocable license confers no vested rights in a constitutional sense, it does amount to property in a commercial sense), it would have established that it had standing to pursue its suit. Cf. Renard, 261 So.2d at 832 (re-zoning of petitioner's neighbor's adjoining property from industrial to residential use conferred standing upon petitioner to challenge validity of zoning action as unreasonable because it adversely affected her legally recognizable interests by increasing her setback requirements); Hoeksema, 475 So.2d at 244 (owner of single family home directly across from land re-zoned for apartment and condominium buildings had been affected by zoning and hence had standing to bring action questioning interpretation of zoning *907 ordinance); Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA) (property owners whose property values would be adversely affected by variance granted to adjacent property owner had standing to challenge the validity of the granted variance), cert. denied, 116 So.2d 773 (Fla. 1959), approved Renard, 261 So.2d at 832. Since the trial court improperly prevented Rinker from presenting expert testimony concerning the effect the ordinance had on the value of its interests, its decision that Rinker's legally recognizable property interests were not adversely affected and, therefore, that Rinker lacked standing, was erroneous.
We affirm the trial court's order granting the appellees' motion for summary judgment on the issue of whether section 2-116.1 of the Metropolitan Dade County Code is unconstitutionally vague. See Wolff v. Dade County, 370 So.2d 839 (Fla. 3d DCA), cert. denied, 379 So.2d 211 (Fla. 1979).
Because the trial court's erroneous evidentiary rulings effectively deprived Rinker of its opportunity to prove its allegations that it has standing and the ordinance is invalid, we reverse the trial court's final judgment, and we remand this cause for a new trial consistent with this opinion.
NOTES
[1] In its amended complaint, Rinker asserted other claims which it has abandoned on appeal.
[2] As the county correctly pointed out on rehearing, although an ordinance amending the Comprehensive Development Master Plan is legislative in nature, proceedings on applications for zoning changes, variances, or special exceptions and which provide interested parties with procedural due process are generally considered quasi-judicial. Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 653 (Fla. 3d DCA 1982); see City of New Smyrna Beach v. Barton, 414 So.2d 542 (Fla. 5th DCA) (Cowart, J., concurring), review denied, 424 So.2d 760 (Fla. 1982).