524 So.2d 1119 (1988)
WALGREEN COMPANY, Appellant,
v.
POLK COUNTY, Florida, Appellee.
No. 87-1991.
District Court of Appeal of Florida, Second District.
May 11, 1988.
William S. Dufoe of Holland & Knight, Lakeland, for appellant.
A.H. Lane and Ralph Artigliere of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellee.
SCHEB, Acting Chief Judge.
Walgreen Company challenges the trial court's order denying its motion for the issuance of a summons in certiorari to review the Polk County Commission's action in declining to grant Walgreen a variance from the requirements of Ordinance 83-1. We reverse.
Walgreen operates a pharmacy on a portion of its leased premises in an unincorporated area of Polk County. It desires to use the remaining portion as a full service package store for the sale of alcoholic beverages for off-premises consumption. Because of its proximity to established churches it is prevented from doing so by Ordinance 83-1, which prohibits the operation of a package store of the type proposed by Walgreen within 2500 feet of an established church or school. However, the ordinance details a procedure for granting variances from these distance requirements and prescribes certain criteria for the Zoning Board of Adjustment to consider in determining whether to grant a variance.
The board of adjustment initially granted Walgreen a variance. Due to a procedural irregularity a second hearing was held on its application, and this resulted in the board of adjustment denying Walgreen's request. The zoning ordinances provide that a party has a right to a review of the board's decisions by the county commission. An appeal to the county commission must be filed within seven days of the board's decision. While the process of review is not detailed, counsel for the county acknowledged at oral argument that on review the county commission holds a de novo hearing. Walgreen sought such a review, and after a public hearing the county commission voted to deny its appeal.
Walgreen filed suit in circuit court seeking a writ of certiorari to review the county commission's action in denying its request. The trial court entered an order declining to issue a summons to require the county to respond, stating:
The action of the Board of County Commissioners denying the requested variance from the separation requirements of Polk County Ordinance No. 75-4, as amended, was legislative or quasi-legislative *1120 in nature and not quasi-judicial. As such the action of the Board of County Commissioners is not susceptible to review by this Court by certiorari.
We construe the court's action as having dismissed Walgreen's petition for certiorari. See Fla.R.Civ.P. 1.630(d).
On appeal the parties agree that the issue to be determined is whether the county commission, in denying Walgreen's request for a variance, acted in a quasi-judicial or a quasi-legislative capacity. If, as Walgreen contends, the county commission acted in a quasi-judicial capacity, the proper method of review is by certiorari to the circuit court. Harris v. Goff, 151 So.2d 642 (Fla. 1st DCA 1963); See Teston v. City of Tampa, 143 So.2d 473 (Fla. 1962). On the other hand, if the county commission's action was quasi-legislative, the proper method of review is a suit in circuit court for declaratory or injunctive relief. Board of County Commissioners of Hillsborough County v. Casa Development Ltd., 332 So.2d 651, 654 (Fla. 2d DCA 1976).
Quasi-judicial hearings require a hearing upon notice at which the affected parties are given a fair opportunity to be heard in accord with the basic requirements of due process. Ordinarily this includes the right to present evidence and to cross-examine adverse witnesses. Here the ordinance requires notice and provides for a hearing. In urging that the county commission's hearing was quasi-legislative, the county points to the fact that the witnesses in the instant proceeding were neither sworn nor cross-examined. The county fails, however, to show any requirement for the witnesses to have been sworn. Nor was there any objection to lack of cross-examination. See City of St. Petersburg v. Cardinal Industries Development Corp., 493 So.2d 535 (Fla. 2d DCA 1986). Moreover, the quasi-judicial nature of a proceeding is not altered by mere procedural flaws. See, e.g., City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974).
The county recognizes that variances in land use matters are generally granted by the board of adjustment in quasi-judicial hearings; hence its decisions are reviewable by writ of certiorari. Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla. 1986). Yet the county urges that the grant or denial of a variance dealing with alcoholic beverages involves peculiar considerations not present in an ordinary land use matter and thereby lends itself to a legislative forum.
Ordinance 83-1 provides: "Variance requests shall proceed in the same manner as variance requests from the provisions of Polk County Ordinance 70-3 as amended or successor ordinance... ." This is followed by the criteria to be considered in granting a variance. The action of the board of adjustment becomes final unless an appeal is taken within seven days. If, as the county urges, the granting or denying of a variance is legislative in nature then the board of adjustment, a non-elected administrative board, would have been without authority in the first instance because a legislative function cannot be delegated to an administrative board. Josephson v. Autrey, 96 So.2d 784 (Fla. 1957). Moreover, in enacting Ordinance 83-1 it must have been the county commission's intention that the board of adjustment act in a quasi-judicial capacity as the board's decisions can become final without any county commission action. Since a de novo hearing is conducted by the county commission when an appeal is taken from a decision of the board of adjustment, it follows that the county commission's determination of whether to grant a variance should be based on the same criteria the ordinance directs the board of adjustment to apply. Hence, we conclude that the action of the county commission was quasi-judicial in nature.
Accordingly, we think the circuit court erred in effectively dismissing Walgreen's petition for review by writ of certiorari. We direct that the trial judge order the county to respond to Walgreen's petition and proceed in a manner consistent with this opinion.
HALL and THREADGILL, JJ., concur.