FERGUSON, Judge
(concurring).
I concur in the result and write separately to address two arguments of the appel-lees: (1) This court in Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3d DCA 1982), rejected attempts to categorize county commission hearings on district boundary changes as “legislative,” while treating hearings on applications for special exceptions or variances as “quasi-judicial”; and (2) the petitioner does not state a cause of action by alleging simply that a lobbyist discussed the case in a private meeting with members of the County Commission prior to the hearing. It is clear from Judge Nesbitt’s opinion for the court that neither argument is accepted.

Legislative and Quasi-Judicial Functions Distinct

In support of its argument, that “[t]his Court has previously rejected attempts to categorize county commission hearings on district boundary changes as ‘legislative’, while treating hearings on applications for special exceptions or variances as ‘quasi-judicial’,” Dade County cites Coral Reef Nurseries, Inc. v. Babcock Company, 410 So.2d 648 (Fla. 3d DCA 1982). The argument is made for the purpose of bringing this case within what the respondents describe as a legislative-function exception to the rule against ex parte communications. Indeed, there is language in the Coral Reef opinion, particularly the dicta that “it is the character of the administrative hearing leading to the action of the administrative body that determines the label” as legislative or quasi-judicial, Coral Reef at 652, which, when read out of context, lends support to Dade County’s contentions. As an abstract proposition, the statement is inaccurate.
Whereas the character of an administrative hearing will determine whether the proceeding is quasi-judicial or executive, De Groot v. Sheffield, 95 So.2d 912, 915 (Fla.1957), it is the nature of the act performed that determines its character as legislative or otherwise. Suburban Medical Center v. Olathe Community Hosp., 226 Kan. 320, 328, 597 P.2d 654, 661 (1979). See also Walgreen Co. v. Polk County, 524 So.2d *1343 1119, 1120 (Fla. 2d DCA 1988) (“The quasi-judicial nature of a proceeding is not altered by mere procedural flaws.”).
A judicial inquiry investigates, declares and enforces liabilities as they stand on present facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.
Suburban Medical Center, 597 P.2d at 661 (quoting Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908)).[1]
It is settled that the enactment and amending of zoning ordinances is a legislative function — by case law, Schauer v. City of Miami Beach, 112 So.2d 838 (Fla.1959); Machado v. Musgrove, 519 So.2d 629 (Fla. 3d DCA 1987) (en banc), rev. denied, 529 So.2d 694 (Fla.1988), by statute, sections 163.3161 and 166.041, Florida Statutes (1989), and by ordinance, Dade County Code § 35-303. See also Anderson, Law of Zoning, § 1.13 (2d Ed.1976) (zoning is a legislative act representing a legislative judgment as to how land within the city should be utilized and where the lines of demarcation between the several zones should be drawn); 101 C.J.S. Zoning and Land Planning § 1 (1958) (same). It is also fairly settled in this state that the granting of variances,[2] and special exceptions or permits, are quasi-judicial actions.[3] Walgreen Co. v. Polk County, 524 So.2d 1119, 1120 (Fla. 2d DCA 1988); City of New Smyrna Beach v. Barton, 414 So.2d 542 (Fla. 5th DCA) (Cowart, J., concurring specially), rev. denied, 424 So.2d 760 (Fla.1982); City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974); Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827 (Fla. 3d DCA 1964).
A variance contemplates a nonconforming use in order to alleviate an undue burden on the individual property owner caused by the existing zoning. Rezoning contemplates a change in existing zoning rules and regulations within a district, subdivision or other comparatively large area in a given governmental unit. Troup v. Bird, 53 So.2d 717 (Fla.1951); Mayflower Property, Inc. v. City of Fort Lauderdale, 137 So.2d 849 (Fla. 2d DCA 1962); 101A C.J.S. Zoning and Land Planning § 231 (1979).

Coral Reef Case Clarified

Coral Reef involved a legislative action. The issue before the court was whether *1344 there was a showing of substantial and material changes in a 1979 application for a rezoning so that a 1978 denial of an application for the same changes, on the same parcel, by the same applicant, would not be precluded by res judicata principles. It was not necessary to hold the 1978 hearing quasi-judicial in character in order to find that the 1978 resolution had preclusive effect on the 1979 zoning hearing. There is a requirement for procedural fairness in all land use hearings, whether on an application for a boundary change or a variance. Adherence to that constitutional standard, however, does not alter the distinct legal differences between quasi-judicial and legislative proceedings in land use cases.
We clarify Coral Reef, in accordance with its facts, as holding only that legislation denying an application for rezoning has a preclusive effect on a subsequent application for the same rezoning, unless the applicant can show substantial and material changes in circumstances. Treister v. City of Miami, 575 So.2d 218 (Fla. 3d DCA 1991), relying on Coral Reef An interpretation of Coral Reef as holding that there is no longer a distinction between legislative actions and quasi-judicial actions of a county commission in land use cases goes far beyond the actual holding of the case, and is clearly erroneous. See note 1 supra.
Reliance by the respondents on Izaak Walton League of America v. Monroe County, 448 So.2d 1170 (Fla. 3d DCA 1984), is similarly misplaced. In that case we held that county commissioners, when acting in their legislative capacities, have the right to publicly state their views on pending legislative matters. Izaak Walton League does not address the issue of ex parte communications or prehearing pronouncements in quasi-judicial proceedings.

Lobbying

Jennings argues here that the behind-the-scenes lobbying [4] of the commissioners by Schatzman, for the purpose of influencing the outcome of an appeal from a quasi-judicial proceeding, violated the Citizens’ Bill of Rights[5] of the Dade County Charter, as well as the due process provisions of the United States and Florida Constitutions. We agree, obviously, that the lobbying actions were unlawful. Dade County and Schatzman respond that Jennings is entitled to no relief because he has not alleged and demonstrated a resulting prejudice. In the opinion on rehearing this court now clearly rejects that argument.
Prejudice is to be presumed, without further proof, from the mere fact that any county commissioner granted a private audience to a lobbyist, whose purpose was to solicit the commissioner to vote a certain way in an administrative proceeding for reasons not necessarily addressed solely to the merits of the petition, and that the commissioner did vote accordingly. Starting with the legal definition of lobbying, *1345-1351 see note 4 supra, and applying common knowledge as to how the practice works, there is a compelling reason for placing the burden of proving no prejudice on the party responsible for the ex parte communication.
Although an ex parte communication with a quasi-judicial tribunal makes its final action voidable, rather than void per se, the presumption which is drawn from the fact of the improper conduct, is applied to promote a strong social policy and is sufficient evidence to convince the fact-finder that the innocent party has been prejudiced; the rebuttable presumption imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact.[6] § 90.304, Fla.Stat. (1991); Department of Agriculture & Consumer Servs. v. Bonanno, 568 So.2d 24, 31-32 (Fla.1990); Black’s Law Dictionary 1349 (4th ed. 1968).
Ex parte lobbying of an administrative body acting quasi-judicially denies the parties a fair, open, and impartial hearing. Suburban Medical Center v. Olathe Community Hosp., 226 Kan. 320, 597 P.2d 654 (1979). Adherence to procedures which insure fairness “is essential not only to the legal validity of the administrative regulation, but also to the maintenance of public confidence in the value and soundness of this important governmental process.” Id. 597 P.2d at 662 (citing 2 Am.Jur.2d Administrative Law § 351). The constitutional compulsions which led to the establishment of rules regarding the disqualification of judges apply with equal force to every tribunal exercising judicial or quasi-judicial functions. 1 Am.Jur.2d Administrative Law § 64, at 860 (1962); City of Tallahassee v. Florida Pub. Serv. Comm’n, 441 So.2d 620 (Fla.1983) (standard used in disqualifying agency head is same standard used in disqualifying judge). See also Rogers v. Friedman, 438 F.Supp. 428 (E.D.Tex.1977) (rule as to disqualification of judges is same for administrative agencies as it is for courts) (citing K. Davis, Administrative Law § 12.04, at 250 (1972)). Ritter v. Board of Comm’rs of Adams County, 96 Wash.2d 503, 637 P.2d 940 (1981) (same).

. Relying on Coral Reef, the majority opinion refers to “quasi-judicial zoning proceedings,” a confounding phrase which has its genesis in Rinker Materials Corp. v. Dade County, 528 So.2d 904, 906, n. 2 (Fla. 3d DCA 1987). There Dade County argued to this court that the according of “procedural due process" converts a legislative proceeding into a quasi-judicial proceeding, citing Coral Reef. That proposition runs afoul of an entire body of administrative law. If an act is in essence legislative in character, the fact of a notice and a hearing does not transform it into a judicial act. If it would be a legislative act without notice and a hearing, it is still a legislative act with notice and a hearing. See Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150 (1908); Reagan v. Farmers’Loan & Trust Co., 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014 (1894).

. A variance is a modification of the zoning ordinance which may be granted when such variance will not be contrary to the public interest and when, owing to conditions peculiar to the property and not the result of the actions of the applicant, a literal enforcement of the ordinance would result in unnecessary and undue hardship. 7 FlaJur2d, Building, Zoning, and Land Controls, § 140 (1978). .
The normal function of a variance is to permit a change in “building restrictions or height and density limitations” but not a change in “use classifications”. George v. Miami Shores Village, 154 So.2d 729 (Fla. 3d DCA 1963).

.An administrative body acts quasi-judicially when it adjudicates private rights of a particular person after a hearing which comports with due process requirements, and makes findings of facts and conclusions of law on the disputed issues. Reviewing courts scrutinize quasi-judicial acts by non-deferential judicial standards. See City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974).
On review of legislative acts, the court makes a deferential inquiry, i.e., is the exercise of discretionary authority "fairly debatable.” Southwest Ranches Homeowners Ass’n v. Broward County, 502 So.2d 931 (Fla. 4th DCA), rev. denied, 511 So.2d 999 (Fla.1987). Further, there is no requirement that a governmental body, acting in its legislative capacity, support its actions with findings of fact and conclusions of law.

. " ‘Lobbying’ is defined as any personal solicitation of a member of a legislative body during a session thereof, by private interview, or letter or message, or other means and appliances not [necessarily] addressed solely to the judgment, to favor or oppose, or to vote for or against, any bill, resolution, report, or claim pending, or to be introduced ..., by any person ... who is employed for a consideration by a person or corporation interested in the passage or defeat of such bill, resolution, or report, or claim, for the purpose of procuring the passage or defeat thereof." Black’s Law Dictionary 1086 (rev. 4th ed. 1968). (Emphasis supplied). The work of lobbying is performed by lobbyists.
A lobbyist is one who makes it a business to "see” members of a legislative body and procure, by persuasion, importunity, or the use of inducements, the passing of bills, public as well as private, which involve gain to the promoters. Id.

. Section a(8), Citizens’ Bill of Rights, Dade County Charter, provides in pertinent part:
At any zoning or other hearing in which review is exclusively by certiorari, a party or his counsel shall be entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts. The decision of any such agency, board, department or authority must be based upon the facts in the record.

. PATCO v. Federal Labor Relations Authority, 685 F.2d 547 (D.C.Cir.1982), relied on by Judge Nesbitt, supports this view. There the court was construing section 557(d)(1) of the Administrative Procedure Act, governing ex parte communications. The Act provides, in subsection (C), that a member of the body involved in the decisional process who receives any prohibited communication shall place the contents of the communication on public record. Subsection (D) states that where the communication was knowingly made by a party in violation of this subsection, the party may be required “to show cause why his claim or interest in the proceeding should not be dismissed, denied, disregarded, or otherwise adversely affected on account of such violation.” 5 U.S.C.A. § 557(d)(1)(C), (D).