633 So.2d 1119 (1994)
RESOLUTION TRUST CORPORATION, a corporation existing under the Laws of the United States, as Receiver for Flagler Federal Savings and Loan Association of Miami, a Federal Savings and Loan Association, Petitioner,
v.
MAYOR AND CITY COMMISSION OF the CITY OF SOUTH MIAMI, a Political Subdivision of Dade County, Florida, and the Florida Department of Community Affairs, Respondents.
No. 93-2731.
District Court of Appeal of Florida, First District.
March 1, 1994.
Valerie Settles of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, and Robyn C. Mitchell of Mitchell, Williams & Clyne, P.A., Coral Gables, for petitioner.
Terrell K. Arline, Asst. Gen. Counsel, Tallahassee, for respondent Department of Community Affairs.
Gregory P. Borgognoni, of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Miami, for respondent City of South Miami.

*1120 ON MOTIONS FOR CLARIFICATION

PER CURIAM.
Respondents' motions for clarification are granted. Our original opinion is withdrawn and the following opinion is substituted for it.
Resolution Trust Corporation (RTC) petitions this court for a writ of prohibition. Petitioner has failed to demonstrate that it will be injured by the lower tribunal's exercising jurisdiction even if that exercise is erroneous, and accordingly we deny relief.
RTC is the successor to a failed savings institution which had itself succeeded a developer in interest to a Development of Regional Impact (DRI) for the Bakery Centre in the City of South Miami. A 1982 development order approved this substantial project which was scheduled to be completed on or before October of 1989. The project could not be completed within that time, however, and RTC applied for an extension of the buildout date in accordance with section 380.06(19), Florida Statutes (1993). The city denied the request for extension and RTC appealed that decision to the Florida Land and Water Adjudicatory Commission. That agency in turn has referred the matter to the Division of Administrative Hearings.
Meanwhile, the city initiated an amendment to the future land use map component of its comprehensive plan to rezone the Bakery Centre property to a less intense use. After a public hearing the city commission transmitted the proposed amendment to the Florida Department of Community Affairs (FDCA) for further proceedings in accordance with section 163.3184, Florida Statutes.
Petitioner argues that its appeal of the decision to deny the extension of time to complete the project stays the proceedings in the zoning matter: "The filing of the notice of appeal shall stay the effectiveness of the order and shall stay any judicial proceedings in relation to the development order, until after the completion of the appeal process." Section 380.07(4), Florida Statutes (1993).
Our initial inquiry concerned this court's jurisdiction. It strikes this court as peculiar that this dispute, which involves the interests of persons and property located within the jurisdiction of the District Court of Appeal, Third District, should be litigated in this forum. Nevertheless, final order authority for the comprehensive plan amendment lies either with the FDCA or the Administration Commission, agencies headquartered in Tallahassee. See Fla. Stat. §§ 163.3164(20); 163.3189(2)(a). Pursuant to section 120.68(2), the order could be appealed either to this court or to the Third District. As extraordinary writ jurisdiction generally follows appellate jurisdiction, Dupont v. Hershey, 576 So.2d 442 (Fla. 4th DCA 1991), we find that we have jurisdiction over this prohibition petition.
An order to show cause was issued and responses were received from the City of South Miami and the Department of Community Affairs. Respondents argue that the activities sought to be prohibited are legislative, rather than judicial or quasi-judicial, in nature and therefore the statutory stay provision is inapplicable. Rinker Materials Corp. v. Metropolitan Dade County, 528 So.2d 904 (Fla. 3d DCA 1987). It is argued that a proper interpretation of the applicable statutory provisions would be to permit the plan amendment to proceed simultaneously with the appeal of the development order decision. Section 163.3211 specifically requires that the Local Government Comprehensive Planning and Land Development Regulation Act controls when in conflict with other statutes. The city notes that the developer potentially has vested rights if the DRI is extended so that ultimately any change in the comprehensive plan would not affect RTC's right to develop the property. In its reply, petitioner draws this court's attention to Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993) and argues that this decision clearly refutes the respondents' contention that the change to the comprehensive plan here at issue, which affects only the Bakery Centre, is quasi-judicial rather than legislative in nature.
The Supreme Court of Florida discussed the essential elements of the extraordinary writ of prohibition in English v. McCrary, 348 So.2d 293 (Fla. 1977). The court explained that prohibition is a writ to be employed *1121 with great caution and utilized only in emergencies to prevent an inferior court or tribunal from exercising judicial or quasi-judicial authority over matters not within its jurisdiction. Id. at 296. It was further explained that a party seeking this relief must demonstrate there is "no other appropriate and adequate legal remedy." Id. at 297. "Furthermore, only when damage is likely to follow the inferior court's acting without authority of law or in excess of jurisdiction will the writ issue." Id. We find it unnecessary to reach the complex legal questions presented in this cause because petitioner does not show that damage is likely to result if the comprehensive plan amendment is permitted to proceed while the appeal is pending on the decision to deny the extension for completion of the DRI. At oral argument before this court, counsel for the respondent city agreed that the appeal of the decision to deny the extension effectively tolled the time so that if RTC ultimately prevails the extended time would commence upon the decision becoming final. Further, the city agreed that RTC's rights in this project, if RTC prevails in its appeal of the city's decision to deny the extension, are vested pursuant to section 163.3167(8) and would not be subject to the proposed changes in the comprehensive plan. We believe that these representations were correctly made and we accept them. In light of the representations, it does not appear that the proposed comprehensive plan amendment will affect RTC's right to develop the Bakery Centre if its appeal to the Florida Land and Water Adjudicatory Commission succeeds. Under the circumstances prohibition is unnecessary and inappropriate.
The petition for writ of prohibition is denied.
ZEHMER, C.J., and BARFIELD and ALLEN, JJ., concur.